## ABRAHAM v. GOLDBERG.

(City Court of New York, General Term.  November 27, 1893.)

REAL-ESTATE BROKERS—AGREEMENT FOR COMMISSIONS—CONSIDERATION.

> Plaintiff, a real-estate broker requested by the owner of a house to find a purchaser at a certain price, showed it to defendant, who told plaintiff that he (defendant) could do better by buying it himself, and that, if plaintiff would keep out of the way, he would pay plaintiff his commission, when be bought it. *Held*, that there was a consideration for the promise.

Appeal from trial term.

Action by David Abraham against Louis Goldberg for real-estate commissions.  From a judgment for plaintiff, and an order denying a new trial, defendant appeals.  Affirmed.

Argued before VAN WYCK and McCARTHY, JJ.

Abm. Stern, for appellant.

David Leventritt, for respondent.

VAN WYCK, J.  The evidence is amply sufficient to have justified the jury in finding that in June, 1892, the plaintiff, a real-estate broker, was requested by one Stocom, the owner of a house in process of construction, to seek for him a purchaser of the same, when fully built.  That plaintiff immediately called upon defendant, with whom he had previously dealt in real-estate transactions, both as his broker in selling, and as the broker of the seller of property to him, and brought to his attention the fact that Stocom's house was for sale at the asking price of $43,000, when completely finished, but, possibly, could be purchased for $42,500.  That plaintiff took defendant with him to look at the house, and together they fully examined same.  That, at this stage of the transaction, defendant requested plaintiff to apparently disappear from all further negotiations in the matter, as shown by plaintiff's testimony, where he states that defendant said to him:  "You know that you are my broker, and you know very well that I am not buying without you, and I am not selling without you.  I think I can do better myself

with Mr. Stocom, and, when I will buy myself, I will pay you the commission in full. You keep away. Don't talk with Mr. Stocom at all." That thereupon plaintiff ceased all effort in the matter, as regards the sale by Stocom to defendant, and refrained from making any other or further endeavor to earn a commission from Stocom, by seeking and securing, as his broker, some person other than defendant to purchase the house, and that he remained silent as to his instigation of the purchase by defendant, and refrained from claiming any commission of the owner for the sale, which was eventually made by him to defendant, who "certified that there is no broker in this sale," in the contract he made with the owner to buy the house for $42,150. Appellant's contention is that there is no consideration for the promise of defendant to pay plaintiff's commission. This promise is made upon valuable considerations. The plaintiff initiated the negotiations which eventuated in the purchase by defendant of Stocom, the owner, who had in June requested plaintiff to secure a purchaser. This would entitle him to a commission from the owner, except for his engagement with defendant to remain silent about it; thus inducing Stocom to rely on defendant's certification that there was no broker's commission, and to fix the purchase price accordingly. He might have earned a commission from the owner by securing a purchaser other than the defendant, except for his agreement to make no such effort. The judgment and order are affirmed, with costs.