### ROBINSON v. CLOCK et al.

(Supreme Court, Appellate Division, Second Department. February 7, 1899.)

1. BROKERS—COMMISSIONS—EMPLOYMENT BY BOTH PARTIES.

    Where a broker employed to exchange lots for all he could get for them is, without the knowledge of his principal, also employed by the other party to the transfer, he is not entitled to a commission.

2. SAME—BURDEN OF PROOF.

    Where it appears, in an action for broker's commissions, that plaintiff, who was invested with a discretion, was also employed by the other party to the transfer, the burden is on plaintiff to show that such employment was with defendant's consent.

Appeal from trial term, Kings county.

Action by Morris Robinson against Hallet T. Clock and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles W. Laskey, for appellant.

Augustus M. Price, for respondents.

WILLARD BARTLETT, J. This action was brought to recover broker's commissions for services rendered in effecting an exchange of real estate. At the close of the evidence in behalf of the plaintiff it appeared that he had been employed not only by the defendants, but by the other party to the exchange, from whom he had already received a payment by way of commission. It did not appear, however, that the plaintiff's employment by this other party, or the fact that he was to receive compensation from that party, was known to the defendants. Upon this proof the learned trial judge dismissed the complaint. We think it quite clear that he was right in so doing. The rule applicable to such cases cannot be better stated than it was in Knauss v. Brewing Co., 142 N. Y. 70, 36 N. E. 867, where Peckham, J., said: "It is undeniable that where the broker or agent is invested with the least discretion, or where the party has the right to rely on the broker for the benefit of his skill or judgment, in any such case an employment of the broker by the other side in a similar capacity, or in one where, by possibility, his duty and his interest might clash, would avoid all his right to compensation." In the present case the testimony of the plaintiff himself shows that his employment by the defendants, who desired to exchange their country lots for the other party's city property, was of such a character as to give the defendants the right to rely upon the plaintiff as a broker to serve them as against the interests of the other party to the exchange. "They asked me," says the plaintiff, "to get all the property I could for them in exchange for Long Island lots." Such being his undertaking, he was hardly likely to serve the owner of the city property with equal fidelity, efficiency, or zeal, and the rule applies which forbids the broker to take compensation from one party without the knowledge and consent of the other. The fact that he had agreed to take such compensation having been proven, it was incumbent upon him to establish the knowledge and consent of the defendants; and, as the plaintiff failed to do this, his complaint was properly dismissed. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.