AUERBACH v. CURIE.

(Supreme Court, Appellate Division, First Department.   May 10, 1907.)

1. BROKERS—DUTIES TO PRINCIPAL—ACTING FOR PARTIES ADVERSELY INTERESTED.
    Plaintiff, a customs broker, who was employed by tobacco importers to arrange for the refunding of any excess of import duties, entered into an agreement with defendant, a lawyer, to obtain for him a contract from his clients for the collection of certain excess duties paid by them.   For

obtaining the contract, plaintiff was to receive a share of the defendant's fee. *Held* that, if the agreement was made without the knowledge or consent of plaintiff's clients, it was a breach of trust against his principals and against public policy, and unenforceable in law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 25.]

2. SAME—ACTIONS FOR COMPENSATION—COMPLAINT—SUFFICIENCY.

Where, in an action by a customs broker, who was acting as agent for tobacco importers, plaintiff alleged that he acted with the knowledge and consent of his principals, the tobacco importers, in making an agreement with defendant, a lawyer, whereby plaintiff was to receive a part of the fee paid the lawyer by the importers for the collection of certain excess duty paid by them, the complaint set forth a good cause of action.

3. SAME—DEFENSES—PLEADING.

In order for plaintiff, a customs broker, who was employed by certain tobacco importers, to arrange for the refunding of any excess import duties to recover on a contract made with defendant, a lawyer, whereby plaintiff was to receive a part of the fees obtained for the collection of excess duties, he must plead and prove that the contract was made with the knowledge and consent of his principals, otherwise complaint may be dismissed, although the invalidity of the contract was not affirmatively pleaded as a defense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 102.]

4. SAME—PRESUMPTIONS AND BURDEN OF PROOF.

The fact that plaintiff obtained the contract of employment for defendant from his clients is not sufficient to show that he disclosed to them his alleged arrangement with the defendant respecting fees.

5. COMPROMISE AND SETTLEMENT—PLEADING—EVIDENCE.

In an action to recover a balance due on a contract, defendant could not introduce receipts signed by plaintiff evidencing payment and settlement as an affirmative defense where no such plea was incorporated in his answer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Compromise and Settlement, § 90.]

Patterson, P. J., and Lambert, J., dissenting.

Appeal from Trial Term, New York County.

Action by Robert Auerbach against Charles Curie. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

W. Wickham Smith, for appellant.

J. Stewart Ross, for respondent.

HOUGHTON, J. The plaintiff was a customs broker and Simon Auerbach & Co., importers of tobacco, were his clients, who claimed that they had been compelled to pay an excess of duty on certain importations of tobacco, which the government was under obligation to refund to them. Amongst the duties of a customs broker to his clients, as detailed by the plaintiff, were those of looking out for his clients in a general way, and finding if any excess of import duties had been exacted. Simon Auerbach & Co. were still the clients of the plaintiff, and he was acting for them in this manner when he entered into negotiations with the defendant, an attorney at law, to procure for him a contract of employment from them to obtain the return of such excess. For the procurement of this contract, and the doing of such detail work as might be necessary concerning the claim, the

plaintiff proved that the defendant agreed to give him the same share of his fee that he gave to other brokers, which was testified to be one-half the fee, less one-sixteenth of the whole recovery to be deducted for general expenses. The contract which plaintiff obtained from his clients was that defendant should have one-half of the sum which was recovered. After protracted litigation, the government paid back $88,063.38, and defendant retained his half amounting to $44,031.69. The defendant paid to the plaintiff $10,007.92, and by his consent also paid to one Schmidt $1,000, and this action is brought to recover the balance claimed to be due of $4,503.96, and has resulted in a judgment for that amount, with interest.

The complaint alleges that the contract between plaintiff and defendant was made with the knowledge and consent of the clients of plaintiff. On the trial, the plaintiff proved his contract with defendant, but failed to prove that it was made with the knowledge and consent of Simon Auerbach & Co. At the close of the plaintiff's case, the defendant moved to dismiss the complaint, on the ground of the failure of this proof, because without it the contract was against good morals and public policy, and could not be enforced. We think this motion should have been granted. The plaintiff was the agent of Simon Auerbach & Co., and it was a part of his obligation toward his principals to prevent, if he could, the payment by them of excess duties on their imports. If he assumed to employ an attorney for them, or to procure a contract from them for such employment, to recover the duties improperly paid, he could not in fairness to Simon Auerbach & Co., and in good morals, without their knowledge and consent, act as agent for the attorney also in procuring a contract from them to him, and make an agreement with the attorney, who knew he was so acting, for the payment to himself of a part of the fee to be charged. It was his duty to obtain the services of such attorney at as reasonable a price as he might be able, without any profit to himself. Any secret agreement which he might make for the sharing of the attorney's fee was, not only a breach of trust against his principals, but against good morals and public policy, and a contract which the law will not enforce. Abel v. Disbrow, 15 App. Div. 536, 44 N. Y. Supp. 573; Murray v. Beard, 102 N. Y. 505, 7 N. E. 553; Utica Ins. Co. v. Toledo Ins. Co., 17 Barb. 132; Bell v. McConnell, 41 Am. Rep. 528, 37 Ohio St. 396; City of Findlay v. Pertz, 66 Fed. 427, 434, 13 C. C. A. 559, 29 L. R. A. 188.

In Bell v. McConnell, supra, in discussing the duty of an agent to his principal, and the forfeiture of his agreed compensation, if he attempts to make a profit to himself or makes a contract contrary to his duty, or acts secretly for two principals, the court says:

"And if the second employer has knowledge of the first engagement, then both he and the agent are guilty of the wrong committed against the first employer, and the law will not enforce an executory contract entered into in fraud of the rights of the first employer. It is no answer to say that the second employer, having knowledge of the first employment, should be held liable on his promise because he could not be defrauded in the transaction. The contract itself is void as against public policy and good morals, and both parties thereto being in pari delicto the law will leave them as it finds them."

The defendant's answer does not set up the invalidity of the contract. The complaint, by alleging knowledge and consent of the principals, sets forth a good cause of action. Irwin v. Curie, 171 N. Y. 409, 64 N. E. 161, 58 L. R. A. 830. The plaintiff, however, stopped short of proving a good cause of action, by failing to prove the knowledge and consent of his principals, which was a substantive part thereof. A plaintiff must, to support his action, where the answer contains a general denial, prove a valid, binding contract; and, if he fails to do so, his complaint may be dismissed, although the invalidity of the contract is not affirmatively pleaded as a defense. Drake v. Siebold, 81 Hun, 178, 30 N. Y. Supp. 697; Cary v. Western Union Telegraph Co., 47 Hun, 610; Russell v. Burton, 66 Barb. 539. Even where the rule is that certain defenses of illegality of contract must be affirmatively pleaded to entitle the defendant to attack the contract as illegal, such rule does not apply where the plaintiff on his own showing discloses its invalidity. Honegger v. Wettstein, 94 N. Y. 252.

It is urged that the bare fact that plaintiff obtained the contract of employment from his customers shows that he disclosed to them his alleged arrangement with the defendant respecting fees. We think no such fact can be inferred, and, on the contrary, the presumption is that, if Simon Auerbach & Co. knew that the defendant was willing to perform the services for one-quarter of the recovery, instead of one-half, they would have insisted upon the balance coming to them. The plaintiff also by his own testimony came very near, if not completely, proving a settlement and accord and satisfaction of his claim when the $11,000 was paid over to him. Inasmuch as we have concluded that there must be a new trial, however, it is unnecessary to discuss this question. The receipts signed by plaintiff were properly rejected. The defendant could not introduce them as evidencing payment and settlement as an affirmative defense, without incorporating such a plea in his answer, which he failed to do. They were not part of the res gestæ, but independent written instruments, and were material on no other issue than payment and settlement; and, this issue not having been raised by proper plea, the ruling of the court was correct.

For the reason pointed out, however, the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.

McLAUGHLIN and SCOTT, JJ., concur. PATTERSON, P. J., and LAMBERT, J., dissent.