RABINOWITZ et al. v. PIZER.

(Supreme Court, Special Term, New York County. February 19, 1908.)

BROKERS—DUTIES TO PRINCIPAL—ACTING FOR PARTY ADVERSELY INTERESTED.
An agreement between a broker employed to procure a purchaser of real estate and a prospective purchaser, binding the broker not to procure any other customer, and binding the purchaser, in consideration thereof, to pay, if he purchases, to the broker a specified commission, is contrary to public policy, and is not enforceable on the purchaser purchasing the premises.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 52–54.]

Action by Julius Rabinowitz and another against Leon Pizer. Heard on demurrer to the complaint. Sustained.

The following is a copy of the complaint:

The plaintiffs, for their complaint herein, respectfully show to this honorable court and allege:

(1) That during all the times hereinafter mentioned the plaintiffs were, and they now are, copartners, engaged as such in business as real estate brokers in the city of New York.

(2) That heretofore these plaintiffs were engaged and employed by Fred. Schmonsees, to procure a customer for the premises No. 329-335 East Ninth street, in the city of New York, borough of Manhattan, and the said Fred. Schmonsees promised and agreed to pay to these plaintiffs one per cent. (1%) commission on the price at which the property was sold to the customer procured by the plaintiffs.

(3) .That thereafter, and subsequent to such employment, these plaintiffs, pursuant to the terms of the employment, sought out Leon Pizer, the defendant, and offered to him the said premises for sale, and told the said Leon Pizer that they had been so employed by Fred. Schmonsees to procure a customer for the said premises.

(4) That thereafter this defendant requested these plaintiffs not to further interfere in the matter, and not to procure any other customer for the said premises, and agreed with these plaintiffs, in consideration thereof, that if he purchased the said property he would pay to these plaintiffs one per cent. (1%) of the amount that he actually paid for the property. That these plaintiffs agreed not to procure any other customer for the property, and not to further interfere in the matter, and agreed to accept one per cent. (1%) on the price paid by the said Pizer, provided he purchased the said property.

(5) That thereafter the said Leon Pizer did purchase the said premises, and paid for the same, as these plaintiffs are informed and believe, the sum of one hundred and three thousand ($103,000) dollars.

(6) That the plaintiffs performed each and every term of the agreement on their part required to be performed, and did not further interfere with the matter, and abstained from obtaining any other customer for the purchase of the said premises, and demanded of the defendant that he pay them one per cent. (1%) on the amount of the price paid for the said property, which the defendant refused to do.

Wherefore these plaintiffs demand judgment against the defendant herein for the sum of ten hundred and thirty ($1,030) dollars, besides the costs and disbursements of this action.

Max D. Steuer (William M. Seabury, of counsel), for plaintiffs.
Max Schleimer (Morgan J. O'Brien, of counsel), for defendant.

FITZGERALD, J.    In Matter of Abraham v. Goldberg, 6 Misc. Rep. 43, 25 N. Y. Supp. 1113, the attention of the learned court seems not to have been directed to the question of public policy, and the demurrer herein must be sustained, for the reason that the agreement attempted to be made was void under well-settled authority. Knauss v. Krueger Brewing Co., 142 N. Y. 70, 36 N. E. 867; Carman v. Beach, 63 N. Y. 97; Robinson v. Clock, 38 App. Div. 67, 55 N. Y. Supp. 976; Auerbach v. Curie, 119 App. Div. 175, 104 N. Y. Supp. 233.

Demurrer sustained, with costs.