## AUERBACH v. CURIE.

(Supreme Court, Appellate Division, First Department. June 12, 1908.)

ACCORD AND SATISFACTION—WHAT CONSTITUTES.

Where a custom house broker, who had for his clients employed an attorney to secure a refund of certain duties paid upon agreement with the attorney as to sharing the commissions received, was told by the attorney that on account of extra services he would not pay the broker his agreed share of the commissions, but offered him a certain specified sum, saying that was all that he would give, and that the broker could either take it or leave it as he saw fit, whereupon the broker, after considering the offer, said he would take the amount offered, and gave his receipt "in full for fees" due him, there was a complete accord and satisfaction of his claim, precluding an action to recover any balance, as he could not accept the payment and reject the conditions upon which it was made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Accord and Satisfaction, §§ 92, 93.]

Appeal from Trial Term.

Action by Robert Auerbach against Charles Curie. From a judgment entered on verdict, and from an order denying motion for new trial, defendant appeals. Reversed, and new trial granted.

See 119 App. Div. 175, 104 N. Y. Supp. 233.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

W. Wickham Smith, for appellant.

J. Stewart Ross, for respondent.

SCOTT, J. The defendant appeals from a judgment in favor of the plaintiff, entered upon a verdict. The plaintiff is a custom house broker, and the defendant is a lawyer. Some of plaintiff's clients had a claim against the government for a return of duties, and an agreement was made whereby defendant undertook to obtain a refund in consideration of receiving a percentage of the amount recovered. The plaintiff alleges that he induced his clients to place their claims in defendant's hands, and that in consideration thereof defendant agreed to pay him a proportion of his fee. This fee amounted to $44,031.99, and plaintiff's allegation is that under his agreement with defendant he was entitled to receive from the latter, one-half, less a percentage to be retained to cover expenses. The defendant did pay plaintiff $10,000, and with his consent paid $1,000 to another broker named Schmidt. The present claim, for which a judgment has been recovered, is for the balance of the sum which it is alleged that defendant agreed to pay.

Upon a former appeal a judgment in favor of plaintiff was reversed, because it did not appear that plaintiff's clients had been apprised of the fact that plaintiff was to receive a part of the fee which they had agreed to pay defendant. 119 App. Div. 175, 104 N. Y. Supp. 233. This omission has now been supplied. Another obstacle to plaintiff's recovery now presents itself. In the course of the former opinion it was said:

"The plaintiff by his own testimony came very near, if not completely, proving a settlement and accord and satisfaction of his claim when the $11,000 was

paid him. Inasmuch as we have concluded that there must be a new trial, however, it is unnecessary to discuss this question."

The defendant, since the last trial, has amended his answer; and the question suggested, but not discussed, on the former appeal, demands our consideration. The plaintiff testified that he was introduced to defendant by one Schmidt, and retained defendant in behalf of his clients to prosecute their claims for a refund of duties; that it was agreed that defendant's fee should be one-half of whatever was recovered, and that out of this fee defendant would pay to plaintiff one-half of the fee, less one-eighth thereof for expenses. After the duties had been collected, and defendant had collected his fee, plaintiff called upon him to collect his proportion. After it had been agreed that Mr. Schmidt should receive $1,000 for having introduced the parties, defendant handed plaintiff a check for $10,000. What took place then is thus stated by plaintiff:

"Before I received the check, Mr. Curie said that all he could allow me was one-eighth; and I told him at the time that I understood from him that I was to get three-sixteenths from the amount which he received. Then he said: 'Well, there have been extra expenses in trying the case.' He said he had engaged the services of Choate, the lawyer, and it had to be taken to the Supreme Court, and that was all he would give me. I could either take that or leave it, just as I saw fit. Then Mr. Schmidt and I, we consulted about it. I asked him what he thought was the best thing to do, and Mr. Schmidt said; 'Well, it's a large amount; I'd take it.' So I told Curie I'd take the ten thousand and some odd dollars. His very words were that I could take that or I should get nothing."

Upon receipt of the money, which was on January 5, 1900, plaintiff gave defendant a receipt for the sum paid "in full for fees a/c S. Auerbach & Co." This action was commenced in 1905. The testimony of Schmidt, who was a witness for the plaintiff, corresponded in the main with that above quoted.

This evidence plainly made out the defense of accord and satisfaction. There was a dispute as to the amount plaintiff was entitled to receive. A sum less than he claimed was offered him in full settlement, with the alternative of receiving nothing. Upon that understanding he accepted the amount tendered and gave a receipt in full. He could only accept the sum as it was offered, which was that it was to be in satisfaction of his demand. He could not accept the payment and reject the conditions upon which it was made. Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695. Upon the plaintiff's own testimony the defendant should have had judgment.

It follows that the judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.