(66 Misc. Rep. 147.)

## MARKS et al. v. O'DONNELL.

(Supreme Court, Appellate Term. February 11, 1910.)

1. BROKERS (§ 67*)—EXCHANGE OF PROPERTY—EMPLOYMENT BY BOTH PARTI₃
Brokers negotiating an exchange of property, being middlemen, were
bound to inform one of the parties that they were also employed by
other; it being reasonable to assume that in such an exchange the br⟨
receives commissions from both sides.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 52–54; Dec. ]
§ 67.*]

2. BROKERS (§ 82*)—COMMISSIONS—PLEADING—GENERAL DENIAL.
In an action for brokers' commissions in an exchange of property, it
was improper to permit defendant to prove under a general denial that he
had no knowledge that the other party to the exchange also had agreed to
pay plaintiffs commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 103; Dec. Dig. §
82.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Alfred C. Marks and another against Martin N. O'Donnell. From a Municipal Court order setting aside a verdict for defendant and ordering a new trial, he appeals. Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Michael J. Sullivan (Louis O. Van Doren and J. Philip Van Kirk, of counsel), for appellant.

Charles Weishaupt (S. N. Freedman, of counsel), for respondents.

DAYTON, J. Action for broker's commissions on exchange of real estate. Answer a general denial. Jury rendered a verdict for defendant. The court granted motion for new trial. Defendant appeals.

The evidence clearly shows that Mr. Welch and defendant met through the introduction of plaintiffs, and that all the substantial terms of a contract for the exchange were agreed upon; that such contract was drawn. Mr. Welch was ready to execute it, but defendant declined. Plaintiffs' claim was sought to be defeated on the ground that they claimed commissions from both sides without defendant's knowledge. Plaintiffs' testimony showed that defendant knew of this. Defendant denied such knowledge, but, as plaintiffs were middlemen in the transaction, they were not bound to inform defendant of their employment by Mr. Welch. Krauss v. K. B. Co., 142 N. Y. 70, 36 N. E. 867. Indeed, it may be said that defendant might reasonably assume that in an exchange of property a broker receives commissions from both sides. In his elaborate memorandum the trial court comments upon his charge on this point as conflicting with the rule in Krauss v. K. B. Co., supra. Where the broker receives commissions from the buyer as well as the seller in the purchase of a piece of real estate, without the knowledge of both parties, he cannot recover, but that is not the question here.

Another ground stated by the trial judge was the commission of possible error in allowing defendant to show that he had no knowl-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

edge that Mr. Welch was to pay commissions under a general denial, citing Duryee v. Lester, 75 N. Y. 442. In a measure this involves the former proposition, but, if erroneous, it may have influenced the jury against plaintiffs.

The order granting the motion for a new trial should be affirmed, with costs.

GIEGERICH and LEHMAN, JJ., concur in result.