GALITZKA v. FIELDS.

(Supreme Court, Appellate Term, Second Department. October 18, 1912.)

1. CONTRACTS (§ 65*)—CONSIDERATION.

The giving up, at the instance of an intended purchaser, by a broker of his right to a commission for procuring a purchaser, is a consideration for a new promise.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 234, 267, 292, 293; Dec. Dig. § 65.*]

2. CONTRACTS (§ 65*)—CONSIDERATION.

Where a broker, employed by an owner to procure a purchaser for a commission, had renounced his right to commission, prior to his promise to an intended purchaser to give up his commission, his promise was not a consideration for a new promise.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 234, 267, 292, 293; Dec. Dig. § 65.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.
Action by Samuel Galitzka against Henry Fields. From a judgment
for plaintiff, rendered in the Municipal Court after trial with a jury,
defendant appeals. Reversed, and new trial ordered.

Argued before CRANE, ASPINALL, and PUTNAM, JJ.

William H. Good, of Brooklyn, for appellant.
A. Sidney Galitzka, for respondent.

PUTNAM, J. Whether or not it is against public policy for a
broker, who is in a confidential relation, and not a mere middleman,
to agree with a prospective customer not to act in the owner's interest,
and not seek any other customer (see Rabinowitz v. Pizer [Sup.] 108
N. Y. Supp. 994; Id., 127 App. Div. 941, 111 N. Y. Supp. 1141), the
facts in this case do not sustain the complaint.

[1] The present complaint, following Siegel v. Rosenzweig, 129
App. Div. 547, 114 N. Y. Supp. 179, alleges at the threshold an agency,
with an agreement with the principal for commissions, on the sale
of the property, which prospective commissions the broker gave up at
the request of the intending purchaser. This was essential to make
a consideration for the new promise, which rests on the agreement
to step aside as a broker, and refrain from efforts to earn a commis-
sion from the seller.

[2] At the time of the alleged promise (on January 8th), this plain-
tiff, however, was not working for Mr. Sullivan, as he had expressly
assured him that he did not expect to earn any commissions from
the owner. Hence there could be no valid promise to plaintiff, as in
Siegel v. Rosenzweig, to terminate efforts to earn a commission. In
fact, plaintiff proved himself already out of the deal by having, on
January 2d, renounced commissions from Mr. Sullivan. There was,
therefore, a failure to make out the special grounds for recovery as
pleaded, and hence the complaint should have been dismissed.

Judgment reversed, and new trial ordered, costs to abide the event.

ASPINALL and CRANE, JJ., concur.