SILBERKRAUS v. WINNIE et ux.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

1. BROKERS (§ 85*)—ACTION FOR COMMISSION—ADMISSIBILITY OF EVIDENCE.

In a broker's action to recover a commission for the exchange of defendants' property, evidence that he had received $200 from the other party to the exchange was admissible as tending to show that he was working in expectation of a commission and as bearing upon the actual contract between himself and defendants.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106–115; Dec. Dig. § 85.*]

2. BROKERS (§ 67*)—COMMISSION FROM BOTH PARTIES.

A broker, with no discretion but simply to bring together parties who were to make their own contract, had a lawful right to make a contract for commissions from both parties and was under no legal or moral obligation to disclose his contract with one to the other.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 52–54; Dec. Dig. § 67.*]

3. BROKERS (§ 86*)—ACTION FOR COMPENSATION—SUFFICIENCY OF EVIDENCE.

Evidence, in a broker's action to recover a commission for the sale or exchange of defendants' property, held insufficient to sustain a finding that the services were rendered gratuitously.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

Appeal from Schenectady County Court.

Action by Martin Silberkraus against Lawrence Winnie and wife. From a judgment against the plaintiff and from an order denying his motion for a new trial, he appeals. Judgment and order reversed on law and facts, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Walter Briggs, of Schenectady, for appellant.
R. J. Cooper, of Schenectady, for respondents.

SMITH, P. J. The action is brought to recover commissions for the sale or exchange of the defendants' property. The plaintiff is a

real estate agent, and the defendants sought his services to sell or exchange their real property for farm property. On the 22d of July, 1912, the plaintiff took the defendants to the farm of one Page, where no exchange was consummated. Upon the morning of the 23d he took them to the farm of one Ernest Brown, where the farm was looked over, and in the afternoon Ernest Brown and his wife came to the property of the defendants and looked that over. Upon the same day, after the property had all been examined, a contract was entered into whereby the Brown property was put in at $4,000, and the Winnie property at $5,000; Mr. Brown paying $1,000 in cash in the exchange. The plaintiff has sued the defendants upon contract to pay five per cent. of $250 as commission, and $2.50 the costs of a search that he was required to make.

[1, 2] The judgment is first challenged because the defendant was allowed to show that the plaintiff had received $200 from Brown in the making of the exchange. This evidence is claimed to have been improperly admitted and to have influenced the jury. That it had some weight with the jury is undoubtedly true, and if illegally admitted the judgment should be reversed. The evidence, however, is I think clearly competent. This service was, upon the evidence, rendered for the defendants. It might well be argued by the plaintiff before the jury that the plaintiff was not rendering these services gratuitously, and the inference might be claimed that there must therefore have been a contract as claimed by the plaintiff with the defendants for the commission as claimed. The evidence, however, to the effect that he was receiving a commission from Brown, would show that he was not in any event working without expectation of reward, and is a fact which is competent to be shown as bearing upon the question of the actual contract made between the plaintiff and the defendants. The plaintiff had a lawful right, however, to make a contract for commissions from both parties, and he was under no legal or moral obligation to disclose his contract with one to the other. He was given no discretion in the matter, but was simply a broker to bring the parties together. They made their own contract after they were brought together. This rule is held in the case of Knauss v. Gottfried Krueger Brewing Company, 142 N. Y. 70, 36 N. E. 867.

[3] One other ground of challenge is alleged by the plaintiff to the effect that the verdict is against the weight of evidence. The defendants admit the employment. They admit their liability at first for commissions. Their contention is that it was the intention to exchange two houses and lots only for the farm, but that Brown when he looked over the place insisted that there should be included in the exchange three vacant lots adjoining the premises in question, and that before the defendants consented thereto they agreed with the plaintiff that he was to waive his commission; he saying that he had a contract with Brown for $200. This difference between the parties presents the question of fact which was determined by the jury adversely to the plaintiff. A careful reading of the evidence has convinced me that the conclusion of the jury is against the clear weight of the evidence. The plaintiff denies explicitly this subsequent ar-

rangement by which he was to receive no compensation, and the collateral circumstances seem to me to be convincingly corroborative of his denial. After the deeds were made out, upon the Saturday following the plaintiff claimed his commission from the defendants. At that time it will be remembered the defendants claimed that plaintiff had already agreed to waive commissions. The plaintiff swears that the defendant Lawrence Winnie offered him $100 and his note for the balance. The defendant Lucy Winnie, although she had received $500 of the thousand dollars payment made by Brown, refused to pay any of the money, saying that it was Mr. Winnie's debt, and the plaintiff should have kept the money when he had it, as the thousand dollars was paid through the hands of the plaintiff. The plaintiff in his version of the evidence is corroborated by both Ernest Brown and his wife, by the lawyer Featherstone, who drew the papers, and his stenographer, Harriet Borden. Here are four disinterested witnesses that swear to declarations both of Mr. and Mrs. Winnie after the completion of this transaction, which completely negatived their defense upon this trial, which is supported only by their own evidence. It is difficult to see, and Lucy Winnie does not explain, why she should have told the plaintiff that he should have kept the money when he had it in his hands, if there then existed an agreement that the plaintiff was not to receive any commissions from the defendants. Moreover, the defendant Lawrence Winnie admits that he said he would give him $100 at the time and also that he would be in later and pay him what he owed him, but added that he told him that he did not owe him anything. The only explanation that Lawrence Winnie makes of this evidence is that the plaintiff asked him not to let Brown know that he was not to receive commissions from the defendants, and to represent to Brown that the plaintiff was to receive $100 from the defendants. This explanation is very suspicious in the first place, and in the second place it does not go far enough. It does not explain, if true, why he offered to give his note for a sum beyond $100 which he might owe him, and it would not explain all his actions in his promise to come back and settle with plaintiff. Lawrence Winnie afterwards agreed to come back the next Monday and pay the plaintiff all that he owed him. The plaintiff then stated his claim at $252.50, and authorized Mr. Featherstone to take the money for him. This amount was not there denied by Lawrence Winnie, and Mr. Featherstone there made a memorandum "to collect $252.50." In addition to the evidence of four disinterested witnesses in support of plaintiff's contention, all the circumstantial evidence surrounding the transaction and the conduct of the parties immediately thereafter corroborate to my mind convincingly the claim of the plaintiff that the defendants agreed to pay him $250 commissions to make the exchange of property, and that the plaintiff is entitled to recover therefor. I recommend, therefore, that the judgment and order be reversed upon law and fact, and a new trial granted, with costs to appellant to abide the event. The finding of fact which we deem contrary to the evidence is to the effect that the services were not rendered under an agreement to pay therefor the commissions as claimed by the plaintiff.

Judgment and order reversed on law and facts, and new trial grant-ed, with costs to appellant to abide event; the finding of fact of which the court disapproves being the finding to the effect that the services were not rendered under an agreement to pay therefor the commissions as claimed by the plaintiff.   All concur.