For the reasons stated, the complaint herein must be dismissed. Findings passed upon. Submit engrossed copy of those allowed.

---

### CONNOR v. MUNSEES.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

1. BROKERS (§ 67*)—COMMISSIONS FROM BOTH SIDES—EXCHANGE OF PROPERTY.
   There is no legal impediment to a broker employed to bring about an exchange of property receiving commissions from both sides.
   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 52–54; Dec. Dig. § 67.*]

2. BROKERS (§ 39*)—COMMISSIONS—SUFFICIENCY OF SERVICES.
   Where a broker employed to bring about an exchange of property brought the parties together and they agreed substantially on all the terms of the exchange, but the broker's principal refused to close the trade unless it was understood that he was to pay no commissions, the

broker was entitled to his commissions, even though he assented to the exchange on this understanding, since he had earned his commissions and could not be deprived thereof, without his consent nor with his consent, unless he received a new consideration therefor.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 37, 42, 64; Dec. Dig. § 39.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by James J. Connor against Henry J. Munsees. From a judgment for defendant after a trial without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Henry Silverman, of New York City, for appellant.
Francis Knowles, of New York City, for respondent.

BIJUR, J. Plaintiff sues the defendant for the reasonable value of his services as broker in procuring the exchange of property of the defendant for a business of a third party.

[1] It is conceded that defendant employed the plaintiff, and, from all the circumstances of the case, it is quite evident that it was an employment to bring about an exchange of the property for a business. There was therefore no legal impediment to the plaintiff receiving commissions from both sides (Knauss v. Gottfried Brewing Co., 142 N. Y. 70, 36 N. E. 867), nor does there seem to be any challenge of plaintiff's claim that, if entitled to a commission from defendant, one per cent. would be reasonable, although the question may still remain whether it be one per cent. upon the equity or the gross value of defendant's property exchanged.

[2] The judgment, however, was clearly rendered on a different theory, namely, that at the final interview between defendant and the third party, after which they went to an attorney's office to have the contract drawn, defendant had asked plaintiff, "How about commissions?" and had then insisted repeatedly that he would pay no commission, while plaintiff continued firm in his statement that he was entitled to his commission and that the law would take care of him. Defendant finally made the statement that there were other places as good as the third party's under consideration which he could acquire, and that he would not close unless it was understood that he was to pay no commissions; but to this plaintiff did not assent, although I do not think that assent would have made any difference, for the commission had already been earned.

From a fair reading of the testimony, it appears that plaintiff, having been employed by defendant to bring about the exchange, having brought the parties together, and they having, when together, agreed substantially on all the terms of the exchange, plaintiff's commissions had been earned, and neither without his consent nor with his consent, unless he received a new consideration therefor, could defendant be released from the obligation to pay the reasonable value of his services.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Silberkraus v. Winnie, 158 App. Div. 50, 142 N. Y. Supp. 887, 888, the court discusses the claim of a defendant situated similarly to the one in the case at bar, to the effect that he had refused to agree on substantial terms of the bargain until plaintiff had waived his claim against defendant for a commission—thus emphasizing the distinction which, in the case at bar, requires a reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.