### BERNSTEIN v. FULSON REALTY CO.

(Supreme Court, Appellate Term, First Department. May 6, 1915.)

BROKERS ⬤═⟶52—REAL ESTATE AGENT—PROCURING PURCHASER—AGREEMENT AS TO COMPENSATION—EFFECT.

Where a real estate broker procured a purchaser on his principal's terms, but agreed, without consideration, that his right to commissions should not accrue until the closing of the contract and the payment of the consideration by the buyer, the broker could recover commissions, irrespective of the consummation of the sale, which failed through his principal's inability to convey as contracted, since his agreement postponing his right to commissions was without consideration.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 73; Dec. Dig. ⬤═⟶52.]

Appeal from City Court of New York, Trial Term.

Action by Jacob Bernstein against the Fulson Realty Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Paul Englander, of New York City, for appellant.
Edward Herrmann, of New York City, for respondent.

GUY, J. The action is to recover broker's commissions for procuring a purchaser of real estate. The plaintiff procured a purchaser on the defendant's terms, but on the day fixed for the signing of the contract, and before it was executed by the vendor and vendee, the

defendant's president prepared the following paper and had it signed by the plaintiff and one Jackson:

"We hereby agree, in consideration of the making of the contract this day, between Fulson Realty Company and Progress Holding Company, and as part of the said contract, that our commissions for the sale of the premises on Tinton avenue and 150th street for the Fulson Realty Company is not to be paid until the closing of the said contract and the payment of the consideration by the Progress Holding Company."

The deed was not delivered by the vendor at the time fixed in the contract, the closing was adjourned from time to time, and the title never passed because of the inability of the vendor to convey in accordance with the terms of the agreement.

At the close of the plaintiff's case the learned trial judge dismissed the complaint, for the reason that the plaintiff failed to prove a tender by the vendee to the defendant, although the evidence showed that the vendee had made a contract with one Wartell to sell him the property in question, and that Wartell's attorney tendered the money to the defendant.

The ruling was erroneous. The plaintiff earned his commissions when he procured a purchaser ready, able, and willing to buy the property on the defendant's terms, and there was no consideration for the plaintiff's alleged subsequent promise to wait for his commissions until the closing of the contract and the payment of the consideration. Connor v. Munsees, 145 N. Y. Supp. 891; Tanenbaum v. Boehm, 202 N. Y. 293, 95 N. E. 708.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.