LEVI S. CHATFIELD, Appellant, v. ALFRED L. SIMONSON et al., Respondents.

In this action by C., an attorney, to recover a compensation agreed to be paid for professional services, it appeared that W., being interested in the success of the plaintiff in an action brought for the purpose of contesting the validity of a will, in which action a verdict had been rendered sustaining the will, entered into a contract with C., by which the latter agreed to appeal and conduct the case to a final determination, W. to pay a sum specified therefor. C. was thereupon substituted as attorney for the plaintiff in said action, and performed services therein. W. having died, his executors, the defendants in this action, settled and discontinued the action. Defendants were permitted to prove, under objection and exception, that after the employment of C., and before the death of W., the former entered into a contract with the attorney for one of the defendants in said action, whereby he agreed, for the consideration of $1,500, to release certain premises from the operation of said action. C., without disclosing the fact that he was to receive compensation, applied to his

client and to the nominal plaintiff in said action to consent to such release. Neither consented. Notwithstanding this he executed in his own name, as attorney for plaintiff, a release. *Held*, that the evidence was properly received, and that the facts proved a violation of his professional duty on the part of C., and so constituted a good defense.

Defendants' answer contained a general denial, and also, in a separate count, a statement of the facts above stated. The count commenced, "Defendants, for further answer to said complaint," allege, etc. It concluded by alleging that the sum so received by C. in right, and equity belonged to W., and that "these defendants will set off the same" against any demand established by plaintiff. *Held*, that the evidence was proper under the general denial, as it showed non-performance of his implied contract by plaintiff; but that if necessary to specifically set forth the facts, this was done, and defendant could not be precluded from insisting upon the defense, because the special use to be made of the facts was not correctly pointed out.

Also *held*, that pleading the acts of C. by way of set-off was not a ratification thereof; that it was, at most, but the assertion of a legal conclusion which did not operate as an estoppel

(Argued March 19, 1883 ; decided April 17, 1883.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, in favor of defendants, entered upon an order made January 2, 1882, which overruled plaintiff's exceptions and directed judgment on an order dismissing plaintiff's complaint on trial.

The nature of the action and the material facts are stated in the opinion.

*Walter S. Cowles* for appellants. To make the counter-claim available as a defense in this action, the defendants must show not only the existence of the demand for money had and received, which they alleged, but that such demand existed in favor of their testator · solely in his life-time and in them as his executors. (*Wood* v. *Mayor*, 73 N. Y. 566; *Colt* v. *Stewart*, 50 id. 17 ; *Bates* v. *Rosekrans*, 37 id. 409 ; *Andrews* v. *Artisans' Bank*, 26 id. 298 ; *Benedict* v. *Smith*, 10 Paige, 162.) Had this action been brought against Samuel Wood in his life-time, he could not have sustained such a demand as a counter-claim in his favor in such action, and no more can his executors sustain it in this action. (*Vassear* v. *Livingston*, 13

N. Y. 248; *Merrick* v. *Gordon,* 20 id. 93; *Cummings* v. *Morris,* 25 id. 628; *Baldwin* v. *Briggs,* 51 How. 477; *Allgover* v. *Edmunds,* 66 Barb. 579; *Dale* v. *Cooke,* 4 Johns. Ch. 11; *Campbell* v. *Genet,* 2 Hill, 290; *Hopkins* v. *Lane,* 2 Hun, 38.) No evidence offered for the purpose of proving the claim or demand which the defendants attempted to interpose in this action was admissible. (1 Greenleaf's Ev. [13th ed.], § 51.) The court cannot of its own motion change the character or form of a pleading by striking out or treating as surplusage those words which characterize and give form to the action, because out of the facts stated by way of inducement to show a right to set-off, facts can be spelled out which, when put in proper shape, might constitute a defense in bar. (Code of Civil Procedure, § 723; *Matthews* v. *Cady,* 61 N. Y. 651; *Barnes* v. *Quigley,* 59 id. 265; *Bradley* v. *Aldrich,* 40 id. 504; *Wright* v. *Delafield,* 25 id. 266.) Unless an error in the admission of evidence prejudicial to the party objecting be shown conclusively to be innocuous, the judgment will be reversed. (*Coleman* v. *People,* 58 N. Y. 555; *Quinn* v. *Van Pelt,* 56 id. 417; *Anderson* v. *Rowe,* 54 id. 343; *Baird* v. *Gillett,* 47 id. 146; *Van Deusen* v. *Young,* 29 id. 9; *Wilson* v. *Wilson,* 4 Keyes, 423; *Finney* v. *Veeder,* 31 How. 15.) In the present action the setting up a claim for the money received by the plaintiff from Wakeman was a ratification by the defendants of plaintiff's alleged transaction with Wakeman. (*Rodermund* v. *Clark,* 46 N. Y. 354; *Morris* v. *Rexford,* 18 id. 552; *Benedict* v. *Smith,* 10 Paige, 162; *Bell* v. *Day,* 32 N. Y. 172.) The defendants can have no remedy for the alleged official misconduct of plaintiff. (*People* v. *Randall,* 73 N. Y. 416; *Foster* v. *Townsend,* 68 id. 203, 205; *Richardson* v. *Brooklyn, etc., R. R. Co.,* 22 How. Pr. 368; *Waters* v. *Whittemore,* 22 Barb. 593; *Ray* v. *Birdseye,* 5 Denio, 627; *Seymour* v. *Ellison,* 2 Cow. 28, 29; 1 R. S. 68, § 1, subd. 3; 1 R. L. 417, § 5; 1 R. S. [6th ed.] 403, § 97; 1 R. L. 416, § 4; 3 R. S. [6th ed.] 449, § 56; Code of Civ. Proc., §§ 14, 70; *In re Husson,* 21 Daily Reg. 33; Code of Civ. Pro., §§ 67, 68.) A penalty cannot be

raised by implication, but must be expressly created and imposed. (*Jones* v. *Estes*, 3 Johns. 379.) If entering into the stipulations purporting to release a part of the real estate from the effect of the appeal was an act within the scope of the authority of the plaintiff under his retainer as attorney for the plaintiff in that action, then he is only liable to answer for any injury which his client may have sustained from the improvident manner in which he has exercised the power; and the motive with which the act was done constitutes no proper part of the subject-matter of inquiry. (*Harter* v. *Morris*, 18 Ohio St. 492; *Suydam* v. *Vance*, 2 McLean, 99; *Grayson* v. *Wilkinson*, 13 Miss. 268; 2 Greenleaf's Ev. [13th ed.], § 141.) If the power to release was not one of the powers incident to the retainer of the attorney, then the release was wholly nugatory, and the party dealing with him was bound to take notice that it was not within the scope of his authority. (*Foster* v. *Townshend*, 68 N. Y. 203; *Cox* v. *N. Y. C. & H. R. R. R. Co.*, 63 id. 419; *Benedict* v. *Smith*, 10 Paige, 162.)

*E. Schenck* for respondents. The acts of the plaintiff were such a corrupt breach of professional duty and obligation to Samuel Wood and Hewlett as to constitute an utter violation of his alleged agreement with Wood, and forfeit any claim or right to recover compensation for services rendered by him in the conduct of that case under the contract or otherwise. (*Hatch* v. *Fogarty*, 40 How. 492, 500, 501, 503, 504; 33 N. Y. Super. Ct. Rep. 166; *Herrick* v. *Catley*, 1 Daly, 512, 30 How. 208; *Von Wellhoffen* v. *Newcombe*, 10 Hun, 236, 240, 241; 1 Bouv. Law Dict. 167, subd. 6; *Pitt* v. *Golden*, 4 Burr. 2061; 2 Greenl. Ev. [10th ed.] 127, § 146; *Wilcox* v. *Plummer*, 4 Pet. 172, 181–2.) An attorney owes to his client fidelity, secrecy, diligence and skill, and he cannot, therefore, serve professionally both parties to a controversy nor take a reward from the other side. (*Herrick* v. *Catley*, *supra*. See 1 Wait's Actions and Defenses, 448, 245–249; *Hatch* v. *Fogarty*, *supra*, 503; 2 R. S. 287, § 68; 2 Greenl. Ev. 124, § 144; *Hatch* v. *Fogarty*, 40 How.

500; 2 Greenl. Ev. 127, § 147, note 7 [10th ed.]; *Case* v. *Carrol*, 35 N. Y. 385.) The relation between an attorney and client creates an unlimited confidence, and the law requires the utmost good faith in order to prevent an abuse of it. (Willard's Eq. Jur. 170, 172; *Ford* v. *Harrington*, 16 N. Y. 285, 289, 292–3; *Dutton* v. *Wilner*, 52 id. 312, 319; *Hatch* v. *Fogarty*, 40 How. 503; *Brotherson* v. *Consaulus*, 26 id. 219, and cases cited; *Brock* v. *Barnes*, 40 Barb. 528; 1 Story's Eq. Jur. [5th ed.], § 310.) The withdrawal and dismissal of the appeal in the suit of *Hewlett* v. *Samuel A. Wood* and others, and confirmation of the judgment therein, was in violation of plaintiff's alleged agreement with Samuel Wood, under which he bases his right to recover, and rendered him liable to Wood, and his estate after his death, to damages. (Story's Eq. Jur. 243, §§ 219–329, 310, 311, 334; *Brock* v. *Barnes*, 40 Barb. 521, 527; *Brotherson* v. *Consaulus*, 26 How. 213, 219; *Howell* v. *Ramson*, 11 Paige, 538; Willard's Eq. Jur. 171 to 175; *Ford* v. *Harrington*, 16 N. Y. 289.)

RUGER, Ch. J. This is an action by an attorney to recover a compensation agreed upon for professional services.

The undisputed evidence in the case shows that in January, 1878, an action was pending in the Supreme Court, between Abraham Hewlett as plaintiff and Samuel A. Wood, Samuel Wood and others as defendants, for the purpose of contesting the validity of the will of one Abraham Wood. The action had been tried and a verdict rendered sustaining the validity of the will. The defendants' testator, Samuel Wood, was interested in the success of the plaintiff in that action, inasmuch as in that event, as one of the heirs at law of Abraham Wood, he would have taken a valuable portion of his estate, which consisted, among other property, of Nos. 519 Broadway and 49 Warren street, in the city of New York.

Samuel Wood, therefore, at that stage of the case entered into a contract with the plaintiff whereby the latter was to conduct the case as attorney for Hewlett, but really for the benefit of Wood to a final determination, for which services Wood was to pay the sum of $7,500.

The plaintiff became substituted as attorney for Hewlett, and performed service therein.   Samuel Wood, however, having died before any proceeding could be taken in court for a new trial, the defendants, as his executors, in April, 1878, settled and discontinued the appeal in said action.   It was to recover this sum of $7,500 that the present action was brought.

It appeared from the uncontradicted evidence that interme, diate the employment of the plaintiff and the death of Wood, the former entered into a contract with one Abram Wakeman, the attorney for Samuel A. Wood, one of the defendants in that action, whereby he agreed, in consideration of $1,500, which was to be paid to him by Wakeman, to release lots Nos. 519 Broadway and 49 Warren street from the operation of the action, so as to enable the defendant, Samuel A. Wood, whose right to the property was contested by the action, to mortgage the same as security for a loan of $20,000, which he then contemplated making.   The plaintiff, without disclosing the fact that he was to receive a compensation for procuring such release, applied to both Abraham Hewlett and Samuel Wood to obtain their consent to its execution by him.   Neither of them consented.

Notwithstanding this the plaintiff, Chatfield, proceeded to execute, in his own name, as attorney for Abraham Hewlett, and caused his son, as attorney for Samuel Wood, to execute a stipulation in the action whereby he purported to release the two lots from the operation of the action.   Upon the faith of these instruments Samuel A. Wood subsequently executed mortgages upon the lots, and borrowed the sum of $20,000 upon the security thereof.   It does not appear that the plaintiff ever informed Samuel Wood of the execution of such release. The proof of some of these facts was objected to by the plaintiff upon the trial upon the ground that they were inadmissible under the pleadings, and all of the evidence was objected to as immaterial, incompetent and irrelevant.

The plaintiff was examined in his own behalf as a witness, and these facts were established by his testimony and by written instruments signed by him, the execution of which he

admitted, and no justification or excuse was made or offered by the plaintiff for the conduct ·disclosed by the evidence. Upon the close of the evidence, the court held that these facts constituted a defense to the plaintiff's action, and to this decision he duly excepted, substantially upon two grounds : *First*. For the reason that the facts did not constitute a defense, upon the merits, to the action ; and *second*, because the answer set up these facts by way of set-off, and that, therefore, they could not be made to operate as a defense to the action.

We think that the exceptions to the ruling of the court below were not well taken. The contract, which the law implies from an attorney's employment is, that he shall render faithful and honest service to his client in the conduct of the business in which he is employed, and that he shall not use the knowledge gained therein, or the position which he occupies by virtue of his relation, to the prejudice of his client, and that he will serve his client in good faith and to the best of his knowledge and ability. He had no right to use his position as an attorney to bargain for a personal advantage with·his adversaries in the action, or to do any act which would tend to prejudice the rights of his clients in the event of a successful termination of the action.

The conduct of the plaintiff, as disclosed by this evidence, was a violation of his professional duty and the obligations which he owed to his client, and tended directly to defeat the object of the employment, and the sole consideration for the promise counted upon by him in this action. We are, therefore, of the opinion that the facts were established showing a breach of his agreement, and a good defense to the plaintiff's claim thereon, and it follows that they were properly received in evidence and considered in the determination of the case. The plaintiff objected to the admission of the evidence upon the ground that it was immaterial, incompetent, irrelevant and inadmissible under the pleadings. These objections were overruled by the court, and the evidence received generally in the case. By reference to the pleadings, it will be seen that there was a general denial which put in

issue the performance by the plaintiff of the contract under which his claim to compensation arose. Under this plea it was competent for the defendants to show any facts tending to disprove the allegations of the complaint that the conditions of the contract had been performed by the plaintiff. In addition to this general denial, the answer contained a special count setting up the particular facts constituting this defense, which commences as follows : " *Third*. These defendants, for further answer to the said complaint, allege," etc. Then follows the statement of facts constituting said defense. After such statement the count concludes by alleging that " Chatfield received from said Wakeman, as the consideration for said release, the sum of $1,000, which sum, in right and equity, belonged to the said Samuel Wood, and these defendants will set off the same against any demand which the plaintiff may establish in this cause," etc. It may very properly be said that these facts are not alleged as a counter-claim, and that their effect as a defense is not controlled by the concluding claim that the sum received under the agreement would be set off as therein claimed. But however this may be, under the liberal rule which now prevails for the construction of pleadings, it would be unjust in the extreme to defeat a meritorious defense upon the ground here claimed, unless we could see that the party making the claim would be seriously prejudiced thereby. It is quite certain that the plaintiff was as well prepared to try this issue as he ever could be, the entire defense having been made out by his own testimony ; and if there had been any answer to it, he had only to speak to have had the benefit of it. He suggested no answer in his testimony, and it must be assumed that none existed.

The rule has so frequently been stated in this court that the relief demanded in a pleading is unimportant so long as the facts stated entitle the party pleading them to some form of relief, that no one ought now to be considered ignorant of it. The courts now uniformly administer the relief to which the facts set forth in a pleading seem to entitle the party, without regard to the particular form of relief demanded. In an ac-

tion on a promissory note, where the answer alleged facts sufficient to constitute a defense of want of consideration or a recoupment of damages, it is not necessary for defendant to state which he will rely upon, and if he so states he will not be precluded from insisting upon any defense which the facts alleged will justify. (*Springer* v. *Dwyer*, 50 N. Y. 19; Pomeroy's Remedies and Remedial Rights, §§ 724, 725.)

It is quite clear that this count in the answer would not have been held bad on demurrer because the special use to be made of the facts set out in the pleading was not correctly pointed out therein. (*Emery* v. *Pease*, 20 N. Y. 62; *Williams* v. *Slote*, 70 id. 601.)

It would even be the duty of the court upon this appeal under section 723 of the Civil Code, to either disregard the alleged defect in the pleading or make it conform to the facts proved, if that course were necessary to support the judgment.

It has been argued that the defendants have ratified the act of Chatfield in obtaining the $1,000 from his adversary in the Hewlett action by pleading it by way of set-off in this suit.

This point was not raised in the court below, and might properly be excluded from our consideration here, but there are other answers to it which we will briefly refer to.

Authorities are cited by the appellant's counsel to the effect that a party, being entitled to two inconsistent remedies, is precluded by the selection of one from the pursuit of the other; as, for instance, that a party may not sue to recover the price agreed to be paid upon a contract of sale, and also prosecute an action to reclaim the property sold upon the ground of fraud in the contract itself. Cases are also cited to the effect, that where an agent has exercised his authority in making a contract, his principal cannot claim the benefits of the contract without also assuming its obligations. But these principles have no application to the circumstances of this case.

The question presented here is governed solely by the rules regulating the pleadings of parties in actions at law. The Code expressly authorizes a party to plead as many defenses or counter-claims, or both, as he may have, and whether they be

those formerly denominated legal, or equitable. (§ 507, Code of Civil Procedure.)

The defendants in this action, as we have seen by their general denial, have entitled themselves to prove the facts set up in the third count of the answer as a bar to the action. Assuming in their answer that they might not be entitled under the third count to use the facts therein stated as a bar, they still attempted to use them as the basis of a counter-claim. This left the defendants in the position of claiming that the facts pleaded should either constitute a bar to the action, or in the event that this should not be permitted, they might operate as a defense *pro tanto*.

Thus the most that can be claimed from the language used in the third count of the answer is, that it is the assertion by the pleader of a mere legal conclusion to be drawn from the facts stated, or a statement of the character of the relief to which he deems himself entitled upon such facts.

Such a claim, although erroneous, does not preclude the court from giving the party the relief to which he is entitled by the facts stated. It has been held by this court that the assertion of a legal conclusion where the facts were all stated did not operate as an estoppel upon the party making such assertion. (*Brewster* v. *Striker*, 2 N. Y. 19 ; *Norton* v. *Coons*, 6 id. 33.) Even as to a fact stated in a pleading a party has been held not to be estopped from showing another consideration for a contract than the one stated and relied on in his complaint. (*Russell* v. *Kierney*, 1 Sandf. Ch. 34; *Day* v. *Perkins*, 2 id. 359.)

A further answer to this point is furnished by the fact, that upon the trial the only issue left in the case was that arising upon the plaintiff's claim to recover compensation upon his special contract with defendants' testator, and the answer thereto. The third count of defendants' answer set up the facts therein recited, conditionally only. They were claimed as a set-off only in the event that the plaintiff should succeed in establishing some valid claim in the action.

The claim of the defendants could not, therefore, be re-

garded as a ratification of the act of Chatfield in taking compensation from his client's adversaries, for the reason that it was to be so used only in the event that such conduct failed to furnish an absolute defense to the action upon the merits.

Under the views which we have taken of the pleadings, all of the evidence objected to by plaintiff was competent, and the exceptions to its admission taken by him were, therefore, unfounded.

The question now made, that the evidence of the unlawful agreement between plaintiff and Wakeman raised a question of fact only which should have been submitted to the jury, was not taken in the court below, and it is too late to raise it now.

Even if we should feel inclined to entertain this point, we are precluded from doing so because the facts stated in the third count of defendants' answer have been established by uncontradicted and unexplained evidence, whose conclusive force the plaintiff was not at liberty to dispute.

We are, therefore, of the opinion that the judgment of the court below should be affirmed.

All concur.

Judgment affirmed.