(15 App. Div. 536.)

ABEL v. DISBROW.

(Supreme Court, Appellate Division, Second Department. April 6, 1897.)

BROKERS—ACTING FOR ·BOTH PARTIES—COMPENSATION.

    A person who employs a real-estate broker with knowledge that he is also acting for the other party to the agreement, is liable for the services rendered him under such employment.

Appeal from Westchester county court.

Action by John Abel against Livingston Disbrow for broker commissions. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Henry G. K. Heath, for appellant.
Michael J. Tierney, for respondent.

CULLEN, J. This action is brought to recover commissions for services as a real-estate broker in effecting an exchange of a farm owned by the defendant. The defendant denied the employment of the plaintiff, and also that any services were rendered by him. The questions of fact were submitted to the jury, who found for the

plaintiff, and from the judgment entered on that verdict this appeal is taken. The principal assault on this recovery is made on a point that was not raised or suggested in the trial court. In the negotiations for the ,exchange of the defendant's farm, the plaintiff concededly acted as broker for one Wilkins, the party with whom the defendant exchanged properties. It is insisted that this fact precluded the recovery by the plaintiff against the defendant. It is unquestionably the law that a broker employed to effect the sale or exchange of property cannot act in that capacity for the purchaser, unless with the consent and full knowledge of his employer. If he does act for the other side without such consent, he forfeits any claim to compensation. Rowe v. Stevens, 53 N. Y. 621; Carman v. Beach, 63 N. Y. 100; Murray v. Beard, 102 N. Y. 508, 7 N. E. 553. No defense of this character was set up in the answer, but I am not prepared to say that it was necessary to plead it. The case of Chatfield v. Simonson, 92 N. Y. 209, would seem authority for the proposition that under a general denial it may be shown that the plaintiff acted in a manner inconsistent with his employment, and thus forfeited his right to compensation. However this may be, no objection was taken on the trial that the plaintiff could not recover because he had acted for the vendee, as well as for the defendant. At the close of the plaintiff's case a motion was made to dismiss the complaint upon the ground that no cause of action had been made out. This apprised the court or the plaintiff's counsel of no specific defect in the proof. Had the objection then been made, the plaintiff might have obviated it by showing that the defendant employed him with full knowledge that he was also acting as broker of Wilkins. Duryee v. Lester, 75 N. Y. 442. The objection would have been wholly without force even if it had been taken on the trial. The plaintiff testified:

"He [defendant] wanted to know how much the commissions amounted to. I told him, 'Something over $600.' Didn't figure exactly. Didn't know how much would be taken of the land. Told him the usual commission for exchange was five per cent., but, as I was to get a commission from Mr. Wilkins for his side of the sale, that I would negotiate his interest for two and one-half per cent. 'That is the exact amount for selling property in the country,' I told him. Mr. Disbrow wanted to know whether he could get money on this house. I told him we would make the exchange free and clear or convey with the three thousand dollars. If taken that way, he could get from eight to ten thousand dollars on the property. He said, 'If I can do that I will pay this commission.' "

This testimony, if credited by the jury, proved not only an employment by the defendant, but an employment with full knowledge that the plaintiff was also acting for Wilkins. The appellant complains that the jury were not instructed that, if the plaintiff acted for Wilkins without the consent or knowledge of the defendant, he was not entitled to recover. It is true, the jury were not instructed on this subject, but no request was made for any instruction on the subject. The defendant asked the court to charge that if the plaintiff, in making the agreement with the defendant, "suppressed any material fact as to any part of the agreement, they must find a verdict for the defendant; or, in other words, I ask you to charge the jury that if Mr. Abel, at the time that he

alleges he obtained this agreement with Mr. Disbrow to pay two and one-half per cent., suppressed from Mr. Disbrow the fact that the house which he proposed to give him or trade with him was the Wilkins house, they must find a verdict for the defendant." It is idle to argue that this request raised the question of the double employment by the defendant and by Wilkins. The counsel making the request explained exactly what he meant by it. The defendant, at some previous time, had been negotiating with Wilkins for an exchange for the latter's house. The point intended to be raised by the request was that, if the plaintiff did not tell defendant that it was this house which he had for trade, he was not entitled to recover. The refusal to charge this request was not error. If we assume that the failure of the plaintiff to disclose to the defendant that the house for trade was Wilkins' house entitled the defendant to repudiate the employment of the plaintiff, he was bound to do so as soon as he discovered the fact. He could not continue to avail himself of the services of the plaintiff without informing him that the contract of employment was abrogated. The difficulty with this case is that it was defended on one theory below, and that the judgment is sought to be reversed on appeal on an entirely different theory, not previously suggested.

The judgment and order appealed from should be affirmed, with costs. All concur.