(71 Misc. Rep. 196.)

NICHOLS v. GREENSTREET.

(Supreme Court, Trial Term, New York County.   March, 1911.)

1. BROKERS (§ 82*)—ACTIONS FOR COMPENSATION—ISSUES AND PROOF.
   To defeat a real estate broker's action for commissions, the defendant may under a general denial show that the broker had entered into a secret agreement for commissions from the other party to the contract.
   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. § 82.*]

2. BROKERS (§ 67*)—COMPENSATION—DOUBLE COMMISSION.
   Where a broker introduced his principal to a third party, and negotiations, in which the broker took no part, resulted in an exchange of properties, the broker cannot recover commissions where he had a secret agreement with the third party for compensation, which put him in a position where his interest might interfere with his duty to disclose to his principal information detrimental to the property owned by the third party and the subject of the exchange.
   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 52–54; Dec. Dig. § 67.*]

Action by Marion L. Nichols against Charles J. Greenstreet.   On motion at the trial to dismiss the complaint.   Complaint dismissed.

See, also, 137 App. Div. 943, 122 N. Y. Supp. 1138.

Lewis Schuldenfrei, for plaintiff.
Barker & Conger, for defendant.

GREENBAUM, J. [1] I am of the opinion that under a general denial the defendant was entitled, in defeat of plaintiff's claim, to tender proof that the latter had entered into a secret agreement to receive commissions from the party with whom defendant made a contract for the exchange of properties.   Brierly v. Connelly, 31 Misc. Rep. 268, 64 N. Y. Supp. 9; Norman v. Reuther, 25 Misc. Rep. 161, 54 N. Y. Supp. 152; Abel v. Disbrow, 15 App. Div. 536, 44 N. Y. Supp. 573; Chatfield v. Simonson, 92 N. Y. 209.

[2] That the plaintiff had a secret agreement for the receipt of $2,-000 as commissions from the party who purchased defendant's property was clearly established, and it only remains to determine whether the plaintiff is thereby deprived of any right to compensation from defendant.   In Knauss v. Krueger Brewing Co., 142 N. Y. 70, 75, 36 N. E. 867, the only rule applicable to a case like this is stated as follows:

"It is undeniable that where the broker or agent is invested with the least discretion, or where the party has the right to rely on the broker for the benefit of his skill or judgment, in any such case an employment of the broker by the other side in a similar capacity, or in one where by possibility his duty and his interest might clash, would avoid all right to compensation."

According to the complaint and proofs, the plaintiff was employed by the defendant as a broker to sell or exchange a certain tract of land situated in the county of Yuma, state of Colorado, and, in the event of such sale or exchange being effected through plaintiff, he was to receive the sum of $5,000 as commissions.   Plaintiff submitted various propositions to defendant which the latter rejected for the reason that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he regarded the values of the properties submitted for exchange as largely inflated, and he therefore told plaintiff that he would thereafter value his property for the purpose of an exchange at $100,000. Plaintiff subsequently introduced defendant to one Brooks, with whom defendant thereupon negotiated for an exchange of certain property in Staten Island belonging to Brooks for defendant's property in Colorado. The negotiations, in which the plaintiff did not participate, resulted in an agreement of exchange of these properties. There is no doubt that plaintiff had no discretion in respect of any terms or details of the exchange effected, but the defendant had the right to expect from the plaintiff under the contract alleged and claimed by him the benefit of his knowledge or any information that he may have possessed concerning the Staten Island property in question. His secret agreement for compensation from Brooks put plaintiff in a position where his interest in Brooks might interfere with the duty he owed defendant to disclose to him any facts of which he might be possessed touching the value of the Staten Island property. This is unlike the cases relied upon by the plaintiff, where the courts have held that a broker may receive double commissions where it appeared that he was solely employed to find a purchaser of property upon terms fixed by the employer, or where it was understood that the broker had nothing else to do but to submit a purchaser to the principal. The reason for this rule is obvious. In such cases the broker cannot possibly be guilty of bad faith towards the employer, who either has fixed all the terms and conditions under which he will sell his property or else has stipulated personally to attend to all negotiations. There is nothing for the broker to do in such cases but to procure a party who is ready and willing to buy the property upon the terms laid down by the employer. Gracie v. Stevens, 56 App. Div. 203, 67 N. Y. Supp. 688, affirmed 171 N. Y. 658, 63 N. E. 1117; Knauss v. Krueger Brewing Co., supra; Norton v. Genesee Nat. Sav. & Loan Ass'n, 57 App. Div. 520, 68 N. Y. Supp. 32. The cases just cited differ further from the case at bar in that here the defendant had arbitrarily fixed the value of his property for the purpose of exchange at $100,000. The relation of a broker to his principal is presumptively one of trust and confidence, and requires absolute fidelity to the interests of his employer; and, where it is shown that he has a secret agreement with the customer introduced by him, it is incumbent upon him to establish that his agreement for double commissions is not inconsistent with the terms of his original employment. It seems to me that the plaintiff owed an active duty to apprise defendant of anything of advantage to him that he might know concerning the property offered to him in exchange. Robinson v. Clock, 38 App. Div. 67, 68, 55 N. Y. Supp. 976. His agreement of employment did not permit him to assume an attitude of absolute passivity towards his employer while negotiations for the exchange of the properties were in progress, as he might do in a case where he was limited to the mere procurement of a party who was ready, able, and willing to buy or exchange upon terms fixed by his employer. In the case under review the plaintiff's relations to Brooks might well have influenced him deliberately to withhold from defendant information

detrimental to the Staten Island property. Under the circumstances here appearing I am of opinion that the complaint must be dismissed.

Complaint dismissed.