JOHN J. DICKINSON, Respondent, *v.* DAVID J. TYSEN, Appellant, Impleaded with Another.

Evidence — pleading — commissions — action by brokers to recover commissions under a contract to sell real estate — when owner may prove lack of good faith on part of brokers under general denial of allegations of complaint.

1. In an action upon a contract, evidence that the person bringing the action has failed to perform his contract, in whole or in part, or of failure in any way honestly, fairly and in good faith to carry out the contract can be shown under a general denial without alleging specifically the facts to show such failure.

2. Where a broker with full knowledge of the person whom he represents carries an offer to an owner of real property and makes the same contingent upon the owner paying to the broker communicating the offer a specified commission, there is no obligation on the part of such broker to disclose to the owner any facts within his knowledge as to the intention or ability of the proposed purchaser to sell the property to another at an advanced price.

3. When, however, brokers are employed by the owner to procure a purchaser for his real property they act by the authority and in the interest of the owner, and it is their duty to act fairly, honestly and in good faith towards such owner. In that case their skill, knowledge and experience must be used to benefit the owner and cannot be withheld, particularly to further some personal interest of the brokers.

4. Upon the trial of an action to recover commissions alleged to have been earned by a firm of brokers in the sale of real estate to a designated purchaser for a certain price under a contract in writing with the owner the latter offered evidence tending to show that before making such agreement one of said firm of brokers had contracted to sell the property for the proposed purchaser at a price larger than that offered to the owner. The trial court excluded such evidence upon the ground that the answer of the owner did not affirmatively allege bad faith by the brokers in carrying out their contract with the owner. *Held,* error; that the brokers should have disclosed to the owner any knowledge that they had relating to prospective purchasers at a higher price, and that the evidence offered was material upon the question of the good faith

of the brokers in the alleged fulfillment of their contract with the owner, and was admissible under the pleadings.

*Dickinson* v. *Tysen,* 154 App. Div. 886, reversed.

(Argued October 29, 1913; decided November 18, 1913.)

APPEAL, by permission, from a judgment of the Appel-late Division of the Supreme Court in the first judicial department, entered December 10, 1912, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George M. Pinney* and *Aaron C. Thayer* for appellant. The trial justice erred in refusing to receive in evidence letters clearly showing bad faith on the part of the brokers Quimby and Mudgett throughout the entire transaction, as well as complete good faith on the part of the defendant Tysen in his termination of the contract with Brooks on December 5, 1906. (*Nichols* v. *Green-street,* 71 Misc. Rep. 196; *Chatfield* v. *Simonson,* 92 N. Y. 209; *Abel* v. *Disbrow,* 15 App. Div. 536.)

*Charles Goldzier* and *Joseph Kauffman* for respondent. The alleged agreement for a resale of the premises in suit between Byron Brooks and Milton C. Quimby, contained in letters offered in evidence by defendant, was properly excluded. (*Dubois* v. *Hermance,* 56 N. Y. 673; *Duree* v. *Lester,* 75 N. Y. 442; *Jacobs* v. *Beyer,* 141 App. Div. 49; *Harrell* v. *B. I. Co.,* 17 App. Div. 405; *Smith* v. *Soosan,* 24 Misc. Rep. 706; *Weaver* v. *Barden,* 49 N. Y. 286; *Chatfield* v. *Simonson,* 92 N. Y. 209; *Abel* v. *Disbrow,* 15 App. Div. 536; *Nichols* v. *Greenstreet,* 71 Misc. Rep. 196; *Knauss* v. *K. B. Co.,* 142 N. Y. 70.)

CHASE, J. This action is brought to recover commis-sions alleged to have been earned by the plaintiff's

assignor and the defendant Quimby in the sale of a farm owned by the defendant Tysen. The defendant Quimby refused on request to join with the plaintiff in bringing the action, and he was consequently made a party defendant.

The complaint alleges that " Prior to the 31st day of May, 1906, the defendant David J. Tysen employed one John Mudgett and one Milton C. Quimby for the purpose of procuring for him purchasers for certain premises owned by said David J. Tysen known as ' Caty Guyon farm ' on Staten Island."

It further alleges that a written agreement was entered into between the owner and the brokers on the 31st day of May, 1906, as follows:

" It is understood and agreed between David J. Tysen as owner of the Caty Guyon Farm near Oakwood, Staten Island, and M. C: Quimby and John Mudgett, brokers, that said brokers having procured an offer from one Byron Brooks for said property which I have agreed to accept upon the conditions that the said brokers agree to accept from the first payment of Four thousand dollars (4,000) Six hundred dollars on account of commission for the sale of said premises and to wait for the balance of their commission until the second payment of Twenty-one thousand dollars is paid by said Brooks to said Tysen and if the said Brooks fails to make the second payment or complete the sale, then no further commissions are to be paid by the said Tysen to the said brokers on account of said sale and if said Brooks fails to pay the first payment of four thousand dollars as per the terms given by said Tysen to said brokers then the sale is off and no brokerage due to said brokers.

"DAVID J. TYSEN
"M. C. QUIMBY
"JOHN MUDGETT."

It further alleges that Mudgett and Quimby procured Brooks as a purchaser of said farm and that Brooks paid

on account of the purchase $4,000, of which amount Tysen paid Mudgett and Quimby $600.

It further alleges that the time for the performance of the agreement between Tysen and Brooks was extended from time to time by Tysen without the knowledge or consent of Mudgett or Quimby "until on or about the first day of April, 1907, and that then by and pursuant to an agreement duly made between the said Brooks and the defendant Tysen the said agreement of purchase and sale procured by the said brokers as aforesaid was duly carried out between the parties except that pursuant to such agreement one Walter R. Jones was substituted as the grantee of the premises sold to the said Brooks as aforesaid while the purchase price provided for was actually and in fact paid by the said Brooks."

The principal issue litigated at the trial was whether the deed given by Tysen to Jones was in consummation of the contract made by Brooks, or whether it was given pursuant to a new and independent agreement made by Tysen, the owner, after Brooks had wholly failed to carry out the agreement on his part.

At the trial the plaintiff's assignor, Mudgett, testified that he called upon Tysen in the month of March, 1906, and had a conversation with him which he related as follows: "I asked Mr. Tysen if he had sold his Caty Guyon Farm yet. He said he had not. I says 'What are you asking for it?' He says '$850 an acre.' 'How many acres are there?' He says 'There are 150 acres.' I says 'I think I can sell that farm.' 'Well,' he says, 'go ahead.' I says 'What are your terms?' 'Well, I will make easy terms. I would want about $25,000 cash down, and the balance I will take back on mortgage.' I says 'How about the commissions, how much commissions do you pay?' 'Well,' he says, 'five per cent., which you will have to divide with Mr. Quimby, because there is first where I saw you, and you got knowledge that I owned the farm.' I says 'All right, I shall be very glad

to.' ' Well,' he says, ' go ahead and see if you can find a purchaser.' "

At the trial the defendant Tysen produced an agreement between Brooks and Quimby, of which the following is a copy:

"New York, *May* 29, 1906.

"Byron Brooks, Esq.,
          "40 Wall St.,
               "New York City:

" My Dear Sir.—In consideration of One ($1) Dollar and other good and valuable considerations, I hereby agree to find you a purchaser for the property known as the Kitty Guion Farm * * *; containing about One hundred and Fifty (150) Acres, at the price of One Thousand ($1,000) Dollars per acre, and on the following terms, To wit:

"Four Thousand ($4,000) Dollars on signing contract; Twenty-One Thousand ($21,000) Dollars cash on passing title, the balance to remain on bond and mortgage. Contract to be closed on or before thirty (30) days.

" It being understood that if I fail, to find a purchaser at the price above mentioned and upon the terms above mentioned, within thirty (30) days from date, that the sum of Four Thousand ($4,000) Dollars is hereby fixed as liquidated damages, and which sum I agree to pay you on demand, after said thirty (30) days from date. It being further understood that I have no interest in this property outside of my commission for selling.

                    " Yours very truly,
                         " MILTON C. QUIMBY."

He also produced a paper dated July 20, 1906, signed by Quimby and delivered to Brooks by which the time for carrying out the agreement of May 29 was somewhat indefinitely extended.

Both the agreement and the paper signed by Quimby were offered in evidence and they were objected to by the plaintiff as incompetent and also because the agreement

of May 29 is merged in the agreement of May 31. They were both excluded and counsel for Tysen excepted. They were again offered in evidence by counsel for Tysen who stated that they were offered specially as bearing on the question of the good faith of the brokers in obtaining the offer by Brooks and also upon the good faith of Tysen in the whole transaction. The court in excluding the papers said that want of good faith is not pleaded. An exception was again taken.

An oral agreement for the sale of the farm was alleged in the complaint and proven on the trial. Such agreement was made more than two months prior to the agreement made by Quimby with Brooks, with the knowledge of Mudgett.

It may be conceded that where a broker with full knowledge of the person whom he represents, carries an offer to an owner of real property and makes the same contingent upon the owner paying to the person communicating the offer, a specified commission, that there is no obligation on the part of the person communicating the offer to disclose to the owner any facts within his knowledge as to the intention or ability of the proposed purchaser to sell the property to another at an advanced price. In such case it rests with the owner to accept the offer or reject it as he chooses, and if he accepts it he must do so subject to the condition that commissions be paid as stated.

A wholly different situation exists when brokers are employed by the owner to procure a purchaser for his real property. After such an agreement brokers act by the authority and in the interest of the owner, and it is their duty to act fairly, honestly, and in good faith towards such owner. In that case their skill, knowledge and experience must be used to benefit the owner and cannot be withheld particularly to further some personal interest of the brokers. In this case, if the agreement by which the brokers became the agents of the owner, existed before the offer in behalf of Brooks was made, their duty

of good faith toward the owner required that they should disclose to him such knowledge as they had relating to prospective purchasers of the property. It will be noted that the agreement of May 31 with Brooks was at $800 per acre. Even if the obligation of the brokers pursuant to the oral agreement would have been fully performed by bringing to Tysen a purchaser at $850 per acre their offer through Brooks of $800 per acre, being for a less amount, required that they should disclose to Tysen any knowledge that they had relating to prospective purchasers at a higher price.

It is claimed by the appellant that the papers offered in evidence have a direct bearing on the good faith of the brokers in presenting to the owner the offer of Brooks of $800 per acre for the farm. We think that they have a material bearing upon the question whether the brokers in good faith performed their oral contract, and that they should have been admitted in evidence unless as suggested and held by the trial court such evidence ought not to have been received because the answer of Tysen did not affirmatively allege bad faith by the brokers in carrying out their contract.

Where fraud is claimed by which a person is induced to enter into a contract with brokers or others, and such fraud is relied upon as a defense in an action upon the contract it should be pleaded as an affirmative defense. In an action upon any contract, however, evidence to show that the person bringing the action has failed to perform his contract in whole or in part is competent under a general denial. It is not necessary in pleading to allege specifically facts to show the failure of the person bringing the action to carry out the contract upon which the action is brought. Proof of bad faith in carrying out the agreement sued upon or failure in any way honestly, fairly and in good faith to carry out the contract upon which the action is brought can be asserted and shown under a general denial. (*Chatfield* v. *Simon-*

*son*, 92 N. Y. 209; *Abel* v. *Disbrow*, 15 App. Div. 536; *N. Y. & N. H. Sprinkler Co.* v. *Andrews*, 38 App. Div. 56; *Norman* v. *Renther*, 25 Misc. Rep. 161; *Nichols* v. *Greenstreet*, 71 Misc. Rep. 196.)

In the *Chatfield* case the plaintiff, an attorney, sued to recover compensation agreed to be paid for professional services. On the trial facts were proven tending to show a violation by Chatfield of his professional duty. In the opinion the court, referring to the evidence relating to a violation of professional duty by the plaintiff, and to the same having been received subject to objection that such evidence was inadmissible under the pleadings, say: "These objections were overruled by the court, and the evidence received generally in the case. By reference to the pleadings, it will be seen that there was a general denial which put in issue the performance by the plaintiff of the contract under which his claim to compensation arose. Under this plea it was competent for the defendants to show any facts tending to disprove the allegations of the complaint that the conditions of the contract had been performed by the plaintiff." (p. 215.) The court concluded that the evidence received was competent under the pleadings, and upon that ground and also upon a further ground the judgment was affirmed.

In the *Abel* case it was held that a broker employed to effect the sale of property cannot act for the purchaser also, unless with the consent and full knowledge of the vendor, and that if he does act for the other side without such consent he forfeits any claim to compensation. The court, writing by Chief Judge CULLEN, at that time a member of the Appellate Division, say: "If he does act for the other side without such consent, he forfeits any claim to compensation. * * * No defense of this character was set up in the answer, but I am not prepared to say that it was necessary to plead it. The case of *Chatfield* v. *Simonson* (92 N. Y. 209) would seem authority for the proposition that under a general denial

it may be shown that the plaintiff acted in a manner inconsistent with his employment and thus forfeited his right to compensation." (p. 537.)

The *Sprinkler Company* case was brought to recover the price of certain equipments furnished to the defendant, and in that case the court say: "As it was incumbent on the plaintiff to allege performance of its contract, and, upon denial in the answer, to prove such performance, it was equally open to the defendant, under his denial, to disprove such performance by affirmative proof of defects so serious or radical as to affect the whole character of the work. * * * In *Chatfield* v. *Simonson* (92 N. Y. 209), which was an action to recover for the professional services of an attorney, it was held that under a general denial the defendant might prove that the plaintiff violated his professional duty to him." (p. 58.)

In *Duryee* v. *Lester* (75 N. Y. 442) and *Jacobs* v. *Beyer* (141 App. Div. 49), cited by the respondent, the language used by the court relating to pleading lack of good faith by the plaintiff in carrying out the contract was in each case unnecessary to the decision as made.

We are of the opinion that the trial court erred in refusing to allow in evidence the agreement of May 29, 1906, and the further paper extending the same. They are material upon the question of the good faith of the brokers in their alleged fulfillment of their contract with the owner, and for that reason the judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, HISCOCK, HOGAN and MILLER, JJ., concur.

Judgment reversed, etc.