IRVING TRUST COMPANY, as Trustee in Bankruptcy of HUNTER BALTIMORE RYE, INC., Bankrupt, Respondent, v. PARK & TILFORD IMPORT CORPORATION, Appellant.

First Department, April 9, 1937.

*Henry I. Fillman* of counsel [*Jerome Eisner*, attorney], for the appellant.

*Marcy Finkelstein* of counsel [*David Jacobs* with him on the brief; *Finkelstein & Jacobs*, attorneys], for the respondent.

UNTERMYER, J. The judgment should be reversed and a new trial ordered on account of the dismissal by the court at the close of the case of the defendant's fourth defense and second counter-claim. The defendant's contentions in this respect are sustained by the testimony of its witnesses Miles and Burke and in part also by Distler, Oberle, Jones and Linthicum. From that testimony conflicting inferences might be drawn. From it the jury would have been justified in finding that the defendant was prevented from performing its contract with Hill, alleged assignor of Hunter Baltimore Rye, Inc., by conduct calculated to obstruct approval by the Orphans' Court of Baltimore County, Maryland, of the sale of the trade-marks to the defendant (*Patterson* v. *Meyerhofer*, 204 N. Y. 96), in order to secure the trade-marks from the administrator

of Catherine C. Lanahan for substantially less than the contract price. If so, then this interference has frustrated the sale of the trade-marks to the defendant, resulting in a direct loss to the defendant of $20,000, in addition to the stock and royalties which would have been received.

The error here consisted in dismissing the fourth defense and second counterclaim, to which exception was duly taken by the defendant. The error was not cured by the subsequent action of the parties in moving for a directed verdict, since after the counterclaim was dismissed no issue of fact remained. The situation was the same as if the court had excluded all the defendant's proof relating to the fourth defense and second counterclaim. Surely exceptions taken during the course of the trial to such rulings would have survived a joint motion for a directed verdict (See Civ. Prac. Act, § 583), especially when, on account of the exclusion of such evidence, no question of fact remained to be decided by the jury.

I do not agree that the facts alleged by the fourth defense and second counterclaim constitute mere amplification of the denial of plaintiff's allegation of performance or that they could have been established under that denial. They are distinctly matters in confession and avoidance of the facts alleged in the complaint, including the allegation of due performance by the plaintiff. To establish a *prima facie* case it was only necessary for the plaintiff to prove, and it did only prove, the making of the contract, the payment thereunder of $10,000 to the defendant, the defendant's failure to deliver the trade-marks to the plaintiff, and that the $10,000 had not been repaid. Since it was conceded that the defendant had not performed the contract by delivery of the trade-marks, it was incumbent on it to allege and prove that performance was waived or prevented by the acts of the plaintiff. (*Grant* v. *Pratt & Lambert*, 87 App. Div. 490; *Murray* v. *N. Y. Life Ins. Co.*, 85 N. Y. 236; *Blunt* v. *Barrett*, 124 id. 117; 13 C. J. p. 738; Civ. Prac. Act, § 242. Compare, also, *Imperator Realty Co.* v. *Tull*, 228 N. Y. 447.) Such a plea was clearly in confession and avoidance, depending upon circumstances which had occurred after the making of the contract, and could only be considered if set forth by affirmative defense or by counterclaim.

The effect of the bankruptcy of Hunter Baltimore Rye, Inc., upon the second counterclaim need not be considered, for that issue was not tendered by the plaintiff's reply nor are we in a position to know whether the conditions on which such a defense would depend, such as notice of the proceedings to the defendant, existed here. In any event, the counterclaim would be available

to the defendant as a setoff to the claim of the trustee. (Bankruptcy Act, § 68; U. S. Code, tit. 11, § 108.)

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

TOWNLEY and GLENNON, JJ., concur; MARTIN, P. J., and DORE, J., dissent and vote for affirmance.

DORE, J. (dissenting). Defendant Park & Tilford Import Corporation appeals from a judgment in plaintiff's favor after trial before the court and a jury on a directed verdict by the court after both sides had rested at the close of the whole case and after the court had granted plaintiff's motions to dismiss defendant's defenses and counterclaims and after both sides had moved for direction of verdict.

On August 14, 1933, the defendant, as seller, and one C. R. Hill, as buyer, entered into a written contract under the terms of which the defendant agreed to sell and the buyer agreed to buy title to trade-marks known as Hunter Rye with labels and the good will of the business for $35,000 cash, 70,000 shares of capital stock of a corporation that the buyer was in process of organizing to be known as Hunter Baltimore Rye, Inc., and a continuing royalty of three and three-fourths cents on each Hunter Rye label used. The defendant had made a contract with the Safe Deposit and Trust Company of Baltimore, as administrator of Catherine C. Lanahan, to purchase the Hunter Rye trade-marks and good will, and it was provided in the agreement annexed to the complaint that if the defendant did not obtain the approval of the Orphans' Court of Baltimore county, Maryland, within sixty days from the date of the agreement, the $10,000 paid by the buyer on the signing of the contract was to be returned to him.

Hill paid the defendant $10,000, which the plaintiff in this action as trustee in bankruptcy of Hunter Baltimore Rye, Inc., as assignee for Hill, seeks to recover.

The only issues that require consideration are: (1) The claim that Hill and the bankrupt corporation prevented defendant from performing its contract, and (2) whether, in view of the motions made at the close of the whole case, the defendant was entitled to go to the jury on that issue and to determine the measure of damages, if any. Concededly, the defendant received back the $15,000 it paid to the administrator as a down payment and concededly also it has not procured the trade-mark nor returned the $10,000 it received from Hill.

Defendant's so-called fourth defense, when analyzed, is in reality not a defense but an amplification of the denial of plaintiff's

allegation of full and due performance by plaintiff's assignor. It is settled law that where plaintiff pleads performance a denial of that allegation permits proof and evidence of all facts tending to disprove performance.

In *Dickinson* v. *Tysen* (209 N. Y. 395, 401) it was held: " In an action upon any contract, * * * evidence to show that the person bringing the action has failed to perform his contract in whole or in part is competent under a general denial. It is not necessary in pleading to allege specifically facts to show the failure of the person bringing the action to carry out the contract upon which the action is brought. Proof of bad faith in carrying out the agreement sued upon or failure in any way honestly, fairly and in good faith to carry out the contract upon which the action is brought can be asserted and shown under a general denial. (*Chatfield* v. *Simonson*, 92 N. Y. 209; *Abel* v. *Disbrow*, 15 App. Div. 536; *N. Y. & N. H. Sprinkler Co.* v. *Andrews*, 38 App. Div. 56; *Norman* v. *Reuther*, 25 Misc. Rep. 161; *Nichols* v. *Greenstreet*, 71 Misc. Rep. 196.) "

In the *Dickinson* case the ruling was applied to a real estate broker suing for commissions. The broker employed by the owner had contracted to resell the property for the proposed purchaser at a price larger than that offered to the owner. The trial court excluded the evidence on the ground that the answer did not affirmatively allege bad faith by the broker. This was held error.

In the *Chatfield Case* (*supra*) the same ruling was applied to a lawyer suing for compensation.

*Duryee* v. *Lester* (75 N. Y. 442) and *Jacobs* v. *Beyer* (141 App. Div. 49) were both disapproved in *Dickinson* v. *Tysen.*

In *Scharf* v. *Glasser* (202 App. Div. 823) the Second Department applied the same rule in connection with manufactured goods, holding that the defendants had a right under a general denial to show that the goods manufactured were not in accordance with the sample and were not tendered for delivery in time.

In *Finocchiaro* v. *Kipferl* (216 App. Div. 600, 602) the Fourth Department held in an action for commissions by a real estate broker: " No doubt evidence of fraud may be received in an action of this nature under a general denial. (*Dickinson* v. *Tysen*, 209 N. Y. 395.) The trouble here is that the testimony taken in connection with the admissions in the answer fails to present a question for the jury on the question of fraud."

In *Nichols* v. *Greenstreet* (71 Misc. 196) it was held (GREEN-BAUM, J.) that under a general denial defendant, to defeat plaintiff's claim, was entitled to offer proof that plaintiff had entered

into a secret agreement to receive commissions from the party with whom defendant made a contract for the exchange of the properties.

While, as stated in *Staten Island M. R. R. Co.* v. *Hinchliffe* (170 N. Y. 473), such a defense would not be stricken out, it is a fair inference from the rules stated in the above cases that a denial of performance covers a denial of the implied condition in every contract that the one party will not prevent the other from performing, and that, therefore, the claim that Park & Tilford was prevented by plaintiff from performing could have been proved under the general denial of plaintiff's full performance of all the terms and conditions of the contract.

At the close of the case and immediately after the dismissal of the defendant's counterclaims and defenses defendant moved for a direction of a verdict dismissing the complaint. Plaintiff also moved for a direction of a verdict. No other motions were made and at no time did defendant seek to withdraw its motion to direct a verdict or request the trial court to permit the jury to pass upon any issue although the court gave ample opportunity to do so by expressly asking before passing upon the motions for a directed verdict, " Are there any other motions from either of you?" To this inquiry there was no response by either party. In such case it is uniformly held that the right to go to a jury is waived and the court is entitled to pass upon all questions of fact as well as law. (*Thompson* v. *Simpson*, 128 N. Y. 270, 283, 284; *Smith* v. *Weston*, 159 id. 194, 198; *Sweetland* v. *Buell*, 164 id. 541, 548.)

The mere fact that the court had immediately prior to the making of the motions to direct a verdict dismissed the counterclaims and defenses (including the fourth defense, which was surplusage), did not take from defendant the right to withdraw its request for a directed verdict and ask to go to the jury on any issues of fact claimed to be raised by the defenses and counterclaims, or, in any event, by the denials that raised the issue of due performance. This the defendant failed to do, but stood upon its motion for direction of a verdict and upon its exceptions. Accordingly, both sides submitted the entire case to the trial judge. His decision has the same effect as the verdict of a jury, and if there is sufficient evidence to sustain the finding it should be affirmed. (*Mullen* v. *Quinlan & Co.*, 195 N. Y. 109.)

In any event, the direction of the verdict in plaintiff's favor was proper. The court held in effect that there was not sufficient evidence produced by defendant to permit the jury to conclude that plaintiff's assignor had improperly frustrated performance, that if the case went to the jury and on this record the jury found for the

defendant, the trial court would set aside the verdict as unsupported by the evidence. (Civ. Prac. Act, § 457-a.)

The issue, therefore, before this court is not whether there was any conflicting evidence for the jury's consideration, but whether the verdict is unsupported by evidence sufficient to permit a verdict in plaintiff's favor. An examination of the entire record confirms the conclusion reached by the trial court. A number of witnesses called by defendant on its behalf, whose credibility was accordingly vouched for by defendant, testified that numerous efforts were made in the first instance to have the sale ratified for the Park & Tilford contract, and only after these efforts failed was the trade-mark taken in the name of the Hunter Baltimore Rye Company to save the large investment which the plaintiff's assignor had made in an effort to carry out the contract. Without quoting from the record, we deem it sufficient to refer to the testimony of R. Ellsworth Jones on direct examination; Seth H. Linthicum, both on direct and cross-examination; John C. Distler on direct examination, and Clarence W. Miles, all witnesses called by the defendant. The last witness also testified that his clients, the Lanahan heirs, who owned the trade-mark, " very vigorously objected to the sale " (to Park & Tilford) because they expressed as their opinion that intelligent efforts to procure a purchaser would result in the sale for a higher price, and at that time they did not have any offers for the trade-mark.

The outstanding fact is that the defendant received and still retains the down payment of $10,000, and that it never procured the trade-mark. The preponderance of the credible testimony, including that offered by the defendant itself, disproved the contention that plaintiff's assignor interfered with defendant's performance of the contract; on the contrary, the evidence shows that, to protect its own investments made in Baltimore after this contract had been consummated, plaintiff's assignor used due diligence to get the contract ratified. Moreover, the defendant has shown no damage whatever by the loss of the trade-mark.

The judgment and order appealed from should be affirmed, with costs.

Martin, P. J., concurs.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.