Birdie Amsterdam, J.
Plaintiff insurer seeks a declaratory judgment that it may disclaim for late notice.
By the terms of a policy of liability insurance that it issued to the defendants Harry, Harold and John Baldauf, a partnership, doing business as Baldauf Carpenter Contracting Co. (hereinafter referred to as the Baldaufs), notice of accident was required to be given to plaintiff “ as soon as practicable ”.
It is undisputed that plaintiff did not receive notice until some 10 months after the occurrence of an accident, more particularly alluded to later.
The testimony and documentary evidence establish that defendants Baldauf had contracted with Howard Park Corp., which was constructing a number of houses in Queens County, to perform certain carpentry work. The Baldaufs subcontracted part of their work to one Salvatore De Pasquale, and the latter employed Anthony Cervino as a carpenter. Cervino and Howard Park Corporation are also named as defendants in the instant action in order to bind them by the adjudication herein.
Concededly, on June 4, 1957, Cervino, in the course of his carpentry work on the job site, was injured and sustained a fracture of the wrist.
The first notice that plaintiff had of the accident was on April 4, 1958, when it received a notice of lien dated April 2, 1958 from De Pasquale’s workmen’s compensation carrier, *669 Aetna Insurance Co. On April 7, 1958 an exact duplicate or original of said notice of lien was forwarded to plaintiff by the Baldaufs. This was the first notice received by plaintiff from the insured.
Upon ascertaining from John Baldauf that he was aware of the accident and of the nature of the injury on the day of its occurrence, plaintiff notified the Baldaufs on April 16, 1958 that it would investigate and handle this matter under full reservation of its rights.
On June 2, 1958 Cervino instituted an action against John Baldauf and Howard Park Corporation, charging them with negligence in failing to provide him with a safe place to work, to wit, “ failing to put protective' bars over door openings and in particular the door opening at which the plaintiff was working, leading to the exterior of the premises, causing plaintiff to drop several feet to the ground.”
Upon receiving the summons in the Cervino action, the Baldaufs forwarded it to plaintiff insurer. The latter thereupon notified the Baldaufs on June 28, 1958 that the summons was being referred to certain named attorneys “ so that a notice of appearance may be entered on your behalf in order to prevent default judgment being taken against you. * * * The company in referring the summons to counsel does not intend to waive any of its rights under the policy but does so with full reservation of rights and a declaratory judgment action will be promptly instituted.” Thereafter plaintiff instituted the instant action to have declared its rights under the policy and that it does not have to defend.
Plaintiff insurer’s position is that the Baldaufs breached the condition in failure to give timely notice and that hence it is relieved of liability.
The Court of Appeals has enunciated the controlling principles of the notice provision in Deso v. London & Lancashire Ind. Co. (3 N Y 2d 127) to the effect that in failing to give timely notice to the insurer, absent a satisfactory explanation, or mitigating circumstances, an assured must be held to have breached the condition of the policy calling for notice “ as soon as practicable ’ ’. Too, it is well settled that the term ‘ ‘ as soon as practicable ’ ’ requires that written notice be givem within a reasonable time under all the circumstances (Vanderbilt v. Indemnity Ins. Co., 265 App. Div. 495, 496).
Defendants Baldauf admit that they were apprised of the accident on June 4, 1957, and that they were informed that the injury was not of a trivial nature. Their proffered excuse for *670 not notifying plaintiff insurer is that Cervino’s employer, De Pasquale, told them that the matter would be taken care of in workmen’s compensation by De Pasquale’s insurance carrier for that purpose, and that they need not report it.
Thus is clearly appears that although defendants Baldauf knew of the accident on the day that it occurred, they did not make any report of it to plaintiff until 10 months later. It appears further that they knew that it was a serious accident and knew that it occurred to an employee of their subcontractor in the performance of his duties in an area of the subcontract which was within their own area of work. That someone told them that they did not have to report it to their liability insurance carrier is immaterial and no valid excuse. The fact that the injured man’s employer was covered by the usual workmen’s compensation insurance policy which protected the injured workman on the job did not excuse defendants Baldauf from reporting the accident to their own liability insurance carrier. It is no excuse that the insured thought that he was not liable or that there would be no claim against him. (Utica Sanitary Milk Co. v. Casualty Co. of America, 210 N. Y. 399.)
The next question is whether sufficient notice was given by "or on behalf of the injured man, Anthony Cervino. It is conceded that the notice of lien of the Aetna Insurance Co. dated April 2, 1958 and received by plaintiff on April 4, 1958 was the first notice received by plaintiff of the accident. Section 167 (subd. 1, par. [c]) of the Insurance Law in addition to notice by or on behalf of the insured also provides for notice by or on behalf of the injured person to the insurer. If it be construed that this notice of lien by the compensation carrier is a notice on behalf of the injured person, Cervino, in order that the delay of 10 months be excused, it must be shown that the notice could not have been given sooner. Section 167 (subd. 1, par. [d]) of the Insurance Law provides: “A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and .that notice was given as soon as was reasonably possible.”
There is a total absence of proof to support a finding that it was shown not to have been reasonably possible for Cervino to give such notice within the prescribed time. Indeed, there has been no evidence by or on behalf of Cervino of any effort or attempt to ascertain who Baldauf s’ insurer was or to locate *671 said insurer, the plaintiff herein, and no showing that he was unable to do so.
Defendants urge that if there was a breach of contract of insurance, the plaintiff by its conduct, to wit, by investigating the claim of Cervino, assigning counsel to interpose an answer, and obtaining a physical examination of Cervino, has waived the breach and is estopped from asserting it now. Defendants have not pleaded any such waiver. Waiver is a defense which must be pleaded, and it is not available as a defense unless it is pleaded. (Shapiro v. Caggiano, 4 A D 2d 687; cf. Irving Trust Co. v. Park & Tilford Import Corp., 250 App. Div. 570, 572.)
I see no force to defendants’ contention, for the papers in Cervino’s suit were accepted by the plaintiff with a reservation of all rights, with notice that it was instituting and in fact it did institute an action for declaratory judgment. (Weatherwax v. Royal Ind. Co., 250 N. Y. 281; Gordon v. Massachusetts Bonding & Ins. Co., 229 N. Y. 424, 432.) Plaintiff explicitly and repeatedly stated it was reserving all its rights under the terms of the policy, and defendants failed to reply and object to the reservation of rights contained in plaintiff’s letters of April 16, 1958 and June 28, 1958. Under these circumstances there was no waiver. In any event, if it be assumed that the defect in the answer could properly be disregarded, I find in the record no evidence of facts sufficient to sustain a conclusion that such rights had been waived.
Accordingly, both on the facts and on the law, judgment is directed in favor of the plaintiff and against the defendants as prayed for in the complaint. Motions on which decision was reserved are resolved in accordance with this determination. This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Settle judgment.