Grábenos J. Henry, J.
On February 24,1959 plaintiffs entered into a contract to purchase real property from the defendant Locke, through the other defendants as brokers, for the sum of $29,000. The sum of $1,000 was deposited by the plaintiffs with the said brokers at the time, to become part of the purchase price. That sum is still in the hands of the brokers, whose answer and affidavit indicate that they acted as agents for a disclosed principal, the defendant Locke.
On April 27, 1959 a further agreement was executed, conditioning the contract upon the plaintiffs obtaining, and exhibiting to the defendant Locke, on or before May 12, 1959, a written commitment from a bank for a mortgage in the sum of $19,300.
The complaint alleges that the plaintiffs were unable to obtain such a commitment after diligent effort; that the contract, by its terms, thereupon became null and void; and seeks the return of the $1,000 deposit. Plaintiffs’ moving affidavit claims that verbal notice of their inability to obtain the mortgage was given the defendant Locke on or about May 12,1959 and written notice was given on or about May 28,1959.
The answer interposed by the defendant Locke denies the allegation of the complaint that the contract was nullified, and his answering affidavit indicates that he was “informed” on April 30, 1959 that a mortgage in the sum of $19,000 had been obtained and thereafter, by plaintiff’s attorneys, that the plaintiffs were ready to close; that the said defendant set May 29, 1959 as the closing date; that on that date he was advised by either the plaintiffs or their attorney that they were unable to close owing to inability on their part to raise the balance of the cash payment required in the transaction.
Essentially, the defense proposed by the defendants’ answering affidavit is that of waiver — of the provision requiring display by the plaintiffs of a written bank mortgage commitment in the sum of $19,300 on or before May 12, 1959.
Waiver is an affirmative defense, and must be pleaded as such (Shapiro v. Caggiano, 4 A D 2d 687 ; Safeguard Ins. Co. v. Baldauf, 20 Misc 2d 667 ; Irving Trust Co. v. Parle & Tilford Import Corp. 250 App. Div. 570). However, motion for summary judgment under rule 113 (Rules Civ. Prac.) is not addressed to the pleadings, and the existence, or not, of a triable issue of fact depends upon the submitted affidavits (Curry v. Mackenzie, 239 N. Y. 267 ; Werfel v. Zivnostenska Banka, 287 N. Y. 91), for permission to amend may be granted as a matter of discretion, although some question appears to have arisen as to the propriety of exercise of discretion to that end in the absence of a cross motion seeking such relief, under section 117 *826 of the Civil Practice Act (Platt v. Rose, 208 Misc. 1). No cross -motion was made herein, but the determination following makes its absence immaterial.
Discretion should not be exercised to permit pleading anew, nor should the motion for summary judgment be denied, unless the affidavits display a triable issue of fact. None appears here.
While section 282 of the Real Property Law appears to have no application, there being no provision in the contract against oral modifications of its terms, nevertheless where, under the provisions of section 259 (Real Property Law) a contract is required to be in writing, modification or variance of its terms cannot be orally accomplished (Imperator Realty Co. v. Tull, 228 N. Y. 447 ; Lancaster at Fresh Meadow v. Suderov, 6 Misc 2d 12), particularly by, as in the instant matter, an agent not ‘ ‘ thereunto authorized by writing ’ ’. The motion for summary judgment is granted, with $10 costs.